SAMUEL SOMMER AND CHARLES SOMMER, CO-PARTNERS, TRADING AS GUARANTEE SILK COMPANY, PROSECUTORS, v. WILLIAM B. MACKAY, JUDGE OF THE CIRCUIT COURT OF PASSAIC COUNTY, AND E. GERLI & COMPANY, INCORPORATED, RESPONDENTS.

Argued May 7, 1931—Decided May 9, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutors, *Harry Joelson* (*Paul Rittenberg,* of counsel).

For the respondents, *David L. Cole.*

PER CURIAM.

This writ brings up for review an order of the Passaic Circuit Court directing the prosecutors to proceed to arbitration in accordance with the terms of a contract between them and E. Gerli & Company for the purchase of silk by the prosecutors.

- The contract provided:

- "All the terms and provisions of the Raw Silk Rules of the Silk Association of America, approved or adopted by its board of managers are expressly understood and agreed to be a part of this contract the same as if they were herein set forth in full.

"Every dispute, of whatever character, arising out of this contract must be settled by arbitration to be conducted in

the manner provided by the by-laws, rules and regulations of said association, governing arbitration."

A dispute arose, prosecutors refused to submit, and pursuant to the Arbitration act (*Pamph. L.* 1923, *ch.* 134), Gerli & Company petitioned the Circuit Court, and it made the order requiring submission to arbitration.

The prosecutors say that the order is void because there was no evidence to support it. We think there was sufficient basis for the order. The petition was verified, and the affidavit filed by the prosecutors did not deny the *making* of the contract, the existence of the controversy, nor the failure to comply with the arbitration provision when that was demanded, but, as we read it, stated the *conclusion* of the affiant that the terms of the contract were rescinded or modified by parol, whether contemporaneously with or subsequent to the execution of the contract does not appear. We conclude that the making of the contract was not put in issue, there being no allegation of fraud or mistake. *Parker* v. *Jameson,* 32 *N. J. Eq.* 222. The court below so found and we think properly.

Prosecutors say that the parties were not heard in open court. The record is to the contrary. It shows that the court "heard counsel for the petitioners and for the respondents."

Prosecutors say that it did not appear that the member of their partnership who signed the contract was authorized to bind his co-partners. The answer to this is that the making of the contract was in effect admitted.

Prosecutors say that the Arbitration act of 1923 is unconstitutional.

It is first said that it is so because it encroaches upon the jurisdiction of the Court of Chancery over specific performance of contracts of arbitration. That contention is plainly unsound. *Davilla* v. *United Fruit Co.,* 88 *N. J. Eq.* 602; 103 *Atl. Rep.* 519.

It is lastly said that the act is unconstitutional because it embraces more than one object which is not expressed in its title. That is not so. The title is, "An act concerning

arbitrations and awards," and is certainly broad enough to cover the outlining of the procedure by which arbitration agreements are to be enforced.

The order under review will be affirmed, with costs.