JOSEPH FRIEDLANDER, PLAINTIFF-RESPONDENT, v. LOUIS GRAND, DEFENDANT-APPELLANT.

Submitted January 26, 1935—Decided April 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Harry Kay.*

For the defendant-appellant, *Joseph Moritz.*

The opinion of the court was delivered by

CASE, J. The action is in debt for costs awarded by the Court of Errors and Appeals upon an appeal from an interlocutory decree of the Court of Chancery. The state of demand counted upon two bills of costs taxed in the Court of Errors and Appeals in the aggregate sum of $62.01. The defendant below, appellant here, filed a counter-claim. The judge of the District Court, sitting without a jury, awarded

the plaintiff the full sum sued for and struck the counter-claim.

Chapter 232 (*Pamph. L.* 1932), an amendment of section 60 of the District Court act, requires that a counter-claim shall be filed with the clerk and served on the opposite party or his attorney at least two days before the trial, and that in default of service so made the counter-claim shall not be considered on the trial of the cause. Plaintiff denied at the trial that the counter-claim had been served and moved to suppress under the statute. Defendant's attorney stated orally and informally that he had mailed the counter-claim to plaintiff's attorney several days earlier, but there was no assertion of other service and there was no proof of the alleged mailing or the details thereof. It may be gathered from oral assertions by appellant's attorney appearing in the transcript that there was a copy of the counter-claim in the hands of the respondent's attorney at the trial; but assertions of this character do not take the place of proof, and even if they did, those now referred to do not set up a compliance with the statute. The counter-claim was properly struck.

The general rule seems to be that in the absence of enabling statutes the collection of costs is incidental to the progress of the cause from which they arise and is accomplished by incorporation within the judgment or the execution, or by an ancillary order of the court in which the action lies. See the discussion, and cases cited, in 15 *C. J.* 298, §§ 733 *et seq.*

But the assumption runs through the cases that where the judge of that court will not or may not reduce the costs to judgment an action either *in assumpsit* or debt will lie. In accord with that practice is the decision of this court in *Cole* v. *Lunger,* 42 *N. J. L.* 381, that a justice of the peace, sitting in the small cause court under the statute for the trial of claim to property, had the authority to tax costs but not to render judgment for the costs or award execution for their payment, and that if the party liable did not make voluntary payment, the only remedy, and therefore the proper remedy, was by an action of debt on the order to pay. So, also, *Baird* v. *Johnson,* 14 *Id.* 120.

The costs sued upon were taxed, not upon a final disposition of the litigation, but upon an appeal from an interlocutory order in Chancery, and the recipient of the bill of costs on that appeal was not the successful party on the final outcome. Had the allowance been in Chancery on an interlocutory order, it seems that attachment would lie (*Aspinwall* v. *Aspinwall,* 53 *N. J. Eq.* 684, 687); so, also, seems to be the practice in the Supreme Court. *Ritter* v. *Kunkle,* 39 *N. J. L.* 618. But here the bill of costs was taxed in the Court of Errors and Appeals (Practice act, section 245; 3 *Comp. Stat., p.* 4127; rule No. 41, Court of Errors and Appeals) and the appellant makes no practical suggestion, supported by citation of authorities, as to what the procedure thereon should be. The question has not been fully argued in the briefs and need not now be decided as a reversal will be directed for other reasons.

The respondent did not follow the statute in taxing his costs. The act entitled "An act concerning fees and costs and the taxation thereof in the courts of law in this state" (*Pamph. L.* 1911, *ch.* 366; 2 *Cum. Supp. Comp. Stat., p.* 2838, *pl.* 163-383), provides that the costs shall be taxed (section 2) upon the application of the party entitled and that such taxing may be (section 3) on notice to the attorney for each adverse party, or (section 4) without notice, in which case "a copy of the bill of costs must immediately afterwards be served upon the attorney for each adverse party who has appeared and is interested in reducing the amount thereof," with ensuing opportunity for retaxation at the instance of an objecting party. Respondent gave no notice in advance of the taxation and served no copy of the bill of costs thereafter.

The right to costs is created by statute. *Igoe Bros.* v. *National Surety Co.,* 112 *N. J. L.* 243, 251. Assuming for the purposes of the argument that a party could maintain an action in the District Court upon a bill of costs issued out of the Court of Errors and Appeals, it would, of course, not be for the defendant therein to dispute in the District Court the propriety of a taxation theretofore fixed by the Court of

Errors and Appeals. *Allen* v. *Hickson,* 6 *Id.* 409. Consequently, unless the party charged had had notice of the taxation in advance thereof, or had been served with a copy of the bill after taxation, he would be in theory, and very likely in fact, without knowledge of that determination and therefore without opportunity to question the correctness of the bill. Thus, in a material aspect the respondent herein failed to follow the statute upon which he depends for his recovery. The question is brought before us by the trial court's refusal to permit the witness, Harry Kay, to be asked on cross-examination whether he had given notice of his purpose to tax costs or had served the bill of costs after taxation, and also by the court's refusal of defendant's motion for judgment. We consider that there was error in both rulings.

The judgment below will be reversed.