Lucy Hagopian, petitioner-appellant,

*v.*

Sarkis Hagopian, defendant-respondent.

[Submitted February term, 1941.  Decided May 29th, 1941.]

*Messrs. Waugh, Torppey & Consodine (Mr. Alexander Waugh),* for the defendant-respondent.

*Mr. Jacob R. Mantel,* for the petitioner-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

Petitioner in this case sought a divorce on the ground of cruelty. The petition was filed in July, 1938. In previous proceedings the Essex County Domestic Relations Court directed a transfer from the defendant to the petitioner of a cleaning business. The decree of the Court of Chancery denied the petition for divorce and ordered the return to the defendant of possession of the cleaning business. The decree included a provision that bills incurred by petitioner during her operation of the business were to be paid by her. It also directed the defendant to pay to petitioner $10 a week for support of two infant children of the parties, commencing at the date of delivery to him of the business, with equipment and machinery, subject to the qualification that the petitioner should not endeavor to compel the defendant to pay any of the moneys directed to be paid to her by any order of the Domestic Relations Court of Essex County, and that if an effort were made to force such payments, then defendant could apply for suspension of the part of the decree relating to support of the children. Petitioner's appeal resists the conclusion that there was absence of proof to sustain the cruelty charge, and it questions the authority of the Court of Chancery to pass on a decision of the Domestic Relations Court.

Concerning the allegation of cruelty as a basis for divorce, that phase is purely factual. The Advisory Master heard the testimony and was in a position to secure first and direct impressions from observation of the witnesses. A reading of the evidence discloses no reason for disturbing the conclusion reached in this regard. The divorce was properly denied because of lack of essential proofs.

The second point has reference to consideration of the proceedings in the Domestic Relations Court. Petitioner argues that the decree of the Court of Chancery in that respect was a review of the order of the Domestic Relations Court, and the contention is made that there is no jurisdiction in Chancery for such review.

The Juvenile and Domestic Relations Court was created

by the legislature, its power and jurisdiction being limited to the subject-matter set forth in the statute. *Zito* v. *Zito, 12 N. J. Mis. R. 712; 174 Atl. Rep. 421.* The order of the Domestic Relations Court for transfer of the business from the defendant to petitioner would depend for its validity on *R. S. 2:204-1* and *R. S. 2:204-5.* There is no authority in those sections nor in any part of the statute for an order containing such a direction. The order was void. Even if it could have been effective, its potency would be spent in one year. *R. S. 2:204-10.* The Court of Chancery in any event was not the tribunal through which the order of the Juvenile and Domestic Relations Court could be reviewed, the indicated course for that being *certiorari.* See *Carney* v. *Carney, 119 N. J. Law 5.* The subject-matter of that order had no relevance to the issues between the parties in the Chancery suit, and therefore could not appropriately become the basis for any of the conclusions comprised in the decree.

The Court of Chancery possesses jurisdiction in matrimonial disputes to deal with questions of support and to make adjudications incident thereto. That portion of the decree in question which fixes the directions relating to support is, however, interwoven with the void order of the Domestic Relations Court, so that to the extent of its relationship to that order there needs to be deletion. The decree should be altered to confine it essentially to the issues and matters cognizable in the Chancery litigation, including the denial of the petition for divorce, and the award of support for the infant children in the weekly amount designated, but excluding the determinations and limitations relating to the order of the Domestic Relations Court.

The decree of the Court of Chancery is modified accordingly, and as so modified, is affirmed.

*For reversal*—PERSKIE, COLIE, JJ. 2.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, DEAR, WELLS, WOLFS-KEIL, HAGUE, THOMPSON, JJ. 12.