HUDSON COUNTY CIRCUIT COURT.

JOHN FAGLIARONE, PETITIONER, v. CONSOLIDATED FILM
INDUSTRIES, INC., DEFENDANT.

Decided May 25, 1942.

For the petitioners, *Pesin & Pesin.*

For the defendant, *Child, Riker, Marsh & Shipman.*

BROWN, C. C. J. The petitioner moves for an order directing arbitration proceedings between the petitioner and the defendant as provided in a written agreement made between the New York Printing Pressmen's Union No. 51, I. P. P. & A. R., of N. A., of which the petitioner is a member and the above named defendant. The principal reason assigned for the arbitration is that the defendant employer in discharging the petitioner from his employment unjustly discriminated against the petitioner. The defendant contends if an order for arbitration is granted it should be conditioned on the petitioner depositing security for costs. The parties have stipulated the facts upon which the motion is made. This stipulation contains admissions by both parties that the contract between Pressmen's Union and the defendant corporation provided in section 10 thereof in part as follows:

"Any employee may be discharged for reasons satisfactory to the Firm. If the employee feels that he or she has been unjustly discriminated against, said employee shall have the right to have the matter arbitrated in accordance with the laws of the State of New Jersey. Copies of the Arbitration laws of the State of New Jersey shall be submitted to the

Firm and the Union upon execution of this agreement. The cost of said arbitration, however, shall be borne by the losing party."

*R. S.* 2:40-12; *N. J. S. A.* 2:40-12 provides for the making of an order by a judge of the Circuit Court for arbitration in cases falling within the specifications of the statute. The statute last referred to reads as follows:

"A party aggrieved by the failure, neglect or refusal of another to perform under a written agreement providing for arbitration, may petition a justice of the supreme court or judge of a circuit court for the county where either party resides, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' notice in writing of the application shall be served personally upon the party defaulting."

The petitioner did not personally sign the agreement made between the Pressmen's Union and the defendant, nevertheless, this court determines that upon the proof in this case the petitioner has a legal right to invoke the benefit of the statute. In the case of *Brooklawn* v. *Brooklawn Housing Corp.,* 124 *N. J. L.* 73; 11 *Atl. Rep.* (2d) 83, mention is made of the rights of a third party beneficiary arising out of a contract executed between others. In that case as well as the cases cited therein there appears to be a distinction between the beneficiary who has a right of action under a contract and the one who has not. An incidental beneficiary might profit from the performance of the contract, but he cannot enforce such performance by legal action. It is not enough that the plaintiff may be benefited by the performance of the contract, he can only maintain the action when the contract is made for his benefit. The rule is well-settled that before one not privy to a contract can maintain an action it must appear that the contract was made for his benefit and so intended. According to section 10 of the agreement between the Pressmen's Union and the defendant, the contract expressly grants the right of an employee to have arbitrated the question presented by the petitioner on his motion. It was evidently the expressed intention of the parties to the agreement that the third party petitioner should be granted

the right of arbitration. See, also, *Fryns et al.* v. *Fair Lawn Fur Dressing Co.*, 114 *N. J. Eq.* 462; 168 *Atl. Rep.* 862; *Reutschler* v. *Missouri Railroad Co.*, 95 *A. L. R.* 1. There has been no cogent reason presented by the defendant requiring the petitioner to deposit security for costs. In the stipulation of facts it is agreed that the Pressmen's Union, of which the petitioner was a member, never requested or demanded an arbitration of the justification for the discharge of the petitioner by the defendant although the petitioner requested the Union to demand such arbitration which the Union refused. The defendant argues on its motion that if the Union had demanded arbitration and did not succeed the Union would be able to pay the costs if a decision was rendered in favor of the defendant but that it is "at least doubtful if the employee is in a position to pay these costs if he should lose." The defendant does not present any proof before this court, by stipulation or otherwise, that would warrant the conclusion arrived at by the defendant as to the financial responsibility of the petitioner. So far as the proof presented is concerned, as to financial responsibility, the defendant may or may not be able to pay costs if a decision is rendered in favor of the petitioner. The financial responsibility of persons as well as corporations is an inexorable process of fluctuation. Experience in human affairs in the United States during the past twenty-five years, and particularly at the present time, furnishes a great deal of proof to support this statement. The purpose of arbitration is to provide a summary and inexpensive method of settling disputes. To require the petitioner to deposit security for costs would not be even-handed justice. It would amount to a determination that the rich and well-to-do, whether corporate or individual, could invoke the facilities of our courts in the arbitration of disputes while the poor and lowly would be deprived of this right. Section 10 of the agreement made between the defendant and the Pressmen's Union provides that the cost of arbitration shall be borne by the losing party. The agreement does not require that security for costs should be deposited by either party before the arbitration is determined. The New Jersey statute on "arbitration and award;" *R. S.* 2:40-1; *N. J. S. A.*

2:40-1 and sections following do not require costs to be posted. Allowances for costs and counsel fees in any case must have statutory authority; *El* v. *Toohey*, 125 *N. J. L.* 150; 14 *Atl. Rep.* (*2d*) 531; *Textileather Corp.* v. *American, &c., Insurance Co.*, 110 *N. J. L.* 483; 166 *Atl. Rep.* 214. Then again costs awarded to a client are the property of the attorney; *Kristeller* v. *The First National Bank of Jersey City*, 119 *N. J. L.* 570; 197 *Atl. Rep.* 17. Costs as well as counsel fees allowed in a case are in the nature of a penalty and the right to costs is a creature of the statute and dependent upon a statute in effect at the time judgment is signed and entered; *Igoe Bros.* v. *National Surety Co.*, 112 *N. J. L.* 244; 169 *Atl. Rep.* 841; *Friedlander* v. *Grand*, 114 *N. J. L.* 548; 177 *Atl. Rep.* 892. There appears no reason in fact or in law requiring petitioner to deposit security for costs before an order for arbitration is allowed. The motion of the petitioner is granted without security for costs being first deposited.