JOHN FAGLIARONE, PETITIONER-RESPONDENT, v. CON-SOLIDATED FILM INDUSTRIES, INC., DEFENDANT-APPELLANT.

Argued October 20, 1943—Decided March 9, 1944.

For the petitioner-respondent, *Pesin & Pesin.*

For the defendant-appellant, *Riker, Marsh & Shipman.*

The opinion of the court was delivered by

HAGUE, J.   This is an appeal from a judgment entered in the Hudson County Circuit Court.   The judgment was entered on an order confirming the arbitration award made against Consolidated Film Industries, Inc., employer, in favor of John Fagliarone, employee, in the amount of $2,134 damages and $412.50 costs of suit, $2,546.50 in all.

The facts and law upon which the petition for arbitration was granted are set forth in 20 *N. J. Mis. R.* 193, and need not be repeated here.

The appellant employer appeals from the judgment on the ground that the report of the arbitrator was based on matters not submitted to him; that his report showed evident partiality; and that the report showed that the arbitrator so imperfectly executed his powers that a mutual and final award upon the subject-matter was not made.   These are the grounds upon which, according to the statute, *R. S.* 2:40–19, the court shall, upon application made by a party to the arbitration, make an order vacating the award.   When the report of the arbitrator was submitted to the learned judge in the Circuit Court the employer gave notice of an application for the vacation, modification or correction of the

report for substantially the same reasons that are embodied in the grounds of appeal above mentioned. The learned judge in the Circuit Court disposed of the application for vacation, &c., adversely to the defendant employer in these words: "The court finds and determines that there does not appear in the report and award made by the arbitrator any of the statutory causes that would warrant this court vacating, modifying or correcting the same, and, therefore, the report and award is affirmed, and a judgment may be entered accordingly."

We consider that the appeal in this case is ruled by the doctrine of *Deakman et al.* v. *The Odd Fellows Hall Association, &c., Inc.,* 110 *N. J. L.* 304. The principle enunciated in that case is entirely applicable to the issue presented here. What the appellant seeks here is an examination of the evidence and a finding by this court that the award of the arbitrators is unreasonable as against the weight of evidence and, further, that the award was the result of partiality. There may not be a review of the evidence on appeal. *Bell* v. *Price,* 22 *Id.* 578; *Booye* v. *Muth,* 69 *Id.* 266; *Kaplan* v. *Niagara Fire Insurance Co.,* 73 *Id.* 780.

As to the matter of partiality, we agree with Circuit Court Judge Brown that there was no evidence that the award of the arbitrator resulted from partiality. This results in an affirmance of the judgment under review.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 16.

*For reversal*—None.