JOE B. LAVIGNE AND LOUISE P. LAVIGNE, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. THE FAMILY AND CHILDREN'S SOCIETY OF ELIZABETH, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 28, 1952—Decided May 9, 1952.

Before Judges Eastwood, Bigelow and Francis.

*Mr. Donald G. Davis* argued the cause for the plaintiffs-respondents.

*Mr. Edward Terner* argued the cause for the defendant-appellant and for the applicants to intervene.

*Messrs. Whittemore, Porter & Pollis,* attorneys for defendant-appellant.

*Mr. Edward Terner,* counsel for Children's Aid and Adoption Society.

*Mrs. Doris H. Webster,* attorney for applicants to intervene.

The opinion of the court was delivered by

FRANCIS, J. C. C.   The natural parents involved in this proceeding surrendered their child to the appellant society for purposes of adoption.   Thereafter the society placed it in the custody of prospective adoptive parents.   Before adoption proceedings were instituted and during the probationary period of this custody, a change came about in the unfortunate conditions which induced the natural parents to make the surrender.   They then repented their decision and sought the return of the child.   Following a hearing, Chancery Division directed its return.

On appeal the trial court's determination was affirmed and this Court declared [18 *N. J. Super.* 559 (*App. Div.* 1952)]:

"* * * it clearly appearing that the plaintiffs are fit and proper persons to have their child, that their present economic situation is sufficiently established to provide a suitable home for her and to the end that she may be reared in the atmosphere and the guidance of her natural parents, her best interests demand that she be returned to their custody."

In the course of the opinion reference was made to the fact that the prospective adopting parents are not parties to the action, that the record disclosed no proof as to who they are, their financial position, the kind of home they maintain, and what attachments, if any, have been formed. Thereafter, and before the execution of the mandate, the society filed a petition for rehearing, requesting that:

"a. It be afforded the opportunity to present evidence either by direct testimony in this Court or in the court below or by an independent investigation by an agency appointed by this Court to submit a report to this Court regarding:

(1) The status of the adopting parents and their home,

(2) The financial position of the adopting parents,

(3) The child's status in their home and her attachment to it,

(4) The condition and health of the child when she came to the adopting parents' home, and

(5) The progress said child has made while in that home and the effect of her removal at this time.

b. Any further evidence which this Honorable Court considers pertinent regarding the best interests of the child involved."

The prospective adopting parents also moved for leave to intervene, to adopt the petition for rehearing "as their pleading" and to participate in whatever proceedings were ordered by the court.

Under the practice a rehearing in an appellate tribunal is based upon the record then on file. Whatever. the effect of *Rule* 1:4–10 with respect to the authority to sit as a court of original jurisdiction, research has disclosed no case where evidence which was available at the time of the trial was permitted to be added to the record after argument and disposition of an appeal in order to buttress an appellant's position that the trial court erred. And the orderly administration of justice would not permit such practice. *Matthison v. Payne, Director General,* 98 *N. J. L.* 383 (*Sup. Ct.* 1923), affirmed 99 *N. J. L.* 285 (*E. & A.* 1923).

In certain situations this court has the undoubted power to remand a record to the trial court for the taking of additional testimony. However, this power should not be exercised merely for the purpose of having cumulative evidence added or of receiving evidence which could have been produced originally and which is not in the category of newly discovered proof.

On the argument of the petition and the motion certain significant admissions were made. Both the agency and the applicants for leave to intervene admitted that the prospective adoptive parents were aware of the demand for the return of the child and the refusal to comply with the demand. When the *habeas corpus* proceeding was brought the prospective parents were notified immediately. They and their attorney conferred with the society about the matter and the deliberate decision was reached that they would not intervene, participate, offer any evidence or appear as witnesses at the hearing. They and their attorney were present at all of the hearings, but merely as observers. The brief submitted in support of their position here says: "They have been following every aspect of the case and have employed a lawyer to help them in the task." It says also: "When this matter

came first to Court the Society and adopting parents and their counsel were agreed that from the standpoint solely of the future welfare of the child it would be advisable to keep the adopting parents out of the case."

This considered determination to refrain from participating and from offering the very proof which they now seek to introduce in ordinary circumstances would make necessary the denial of the relief sought. The law cannot sanction a procedure which would permit interested parties consciously to adopt a course of action under which available proof is withheld and then, after an adverse judgment at both the trial and appellate levels, seek a further hearing in the trial court, practically in the nature of a new trial, in order to submit such withheld proof and thus to avoid the judgment. Endless litigation would result.

In *Matthison v. Payne, supra,* the former Supreme Court in deciding a similar problem on a motion for rehearing said:

"The facts that the appellant had ceased to be director general on March 28, 1921, and was succeeded on that date by Mr. Davis, must be presumed to have been within the knowledge of counsel of appellant. To grant a hearing upon the ground applied for would be equivalent to sanctioning a practice which would tend to defeat the orderly administration of the law and the ends of justice. In effect, it would be an invitation to a litigant to speculate upon a verdict in his favor, and if disappointed in his expectation, he would still be in a position to defeat the verdict of a jury or the judgment of the court by raising a factual question whether or not the court lost jurisdiction of the cause during the proceeding."

However, having in mind that the interests of the child are the paramount consideration, we have considered the allegations in the moving papers as to the nature of the evidence sought to be submitted on a rehearing. The petition simply recites a desire to show the kind of home the adopting parents have and maintain, their financial position, the condition and status of the child in the home, the progress she has made there, and the effect of her removal therefrom at this time. No proof in affidavit form is submitted to

evidence any of these facts or to demonstrate that if the proof with respect thereto had been introduced at the original hearing the result would probably have been otherwise. We may assume that the home and financial condition of the prospective, statutory parents are very satisfactory and perhaps even superior materially to those of the natural parents. However, if, as was found by the trial court and this court on appeal, the natural parents are fit and proper persons to have their child and are in a position to provide a home in keeping with their station in life, the judgment should be favorable to them. In a choice between the home of a Crœsus and the humble home of such parents, the natural right of the parents to the custody of their child must prevail. *Ex parte Kirschner*, 111 *A.* 737 (*Ch.* 1920).

█ No affidavit of any physician is offered to show that return of the child will have any serious or permanent effect upon her. The original record discloses that psychiatric testimony was offered at the trial to the effect that the interests of the child would be promoted by returning her to the parents. The trial court, as well as this court, accepted that conclusion. Some medical testimony to the contrary, if it exists, would simply create a conflict in credibility. Such a conflict has never been deemed sufficient to set aside a judgment or to warrant a new trial. The ends of justice and the interests of the child are not furthered by the creation of such a problem. At this stage in the life of the child delay must be an important factor in its adjustment to a new status with its parents. On the record before us there is no justification for a remand to the trial court.

█ Since the argument of these motions a further application has been submitted. The proposal is that the present proceeding be stayed pending the institution and determination in the County Court of adoption proceedings to be brought by the adopting parents. We can see no basis for allowing such a course.

Consequently the motion to intervene and the petition for rehearing are denied.