27 N.J. Super. 130 (1953)
99 A.2d 391
IN THE MATTER OF THE CUSTODY OF CORRINE STEVENS.
MARY HNATEW, PLAINTIFF-RESPONDENT,
v.
JOHN STEVENS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 27, 1953.
Decided August 12, 1953.
*131 Before Judges CLAPP, STANTON and WOODS.
Mr. John E. Selser argued the cause for the defendant-appellant.
Mr. Joseph W. Tumulty argued the cause for the plaintiff-respondent (Mr. William E. Decker, attorney).
The opinion of the court was delivered by STANTON, J.S.C. (temporarily assigned).
This is an appeal from an order of the Juvenile and Domestic Relations Court of Bergen County. An action was commenced there by Mary Hnatew, maternal grandmother of Corrine Stevens, aged six years, for the custody of the child under the provisions of R.S. 9:2-9 and 10. It was charged in the complaint that John Stevens, father and custodian of the child whose mother died in 1951, was a man of dissolute habits and unable to provide the child with proper protection, maintenance and education; that his dissolute habits would tend to endanger the welfare of the child, and that he was an unfit father. The court made an order granting the maternal grandparents custody of the child during one weekend in each month.
The principal contention of the appellant father is that the court lacked jurisdiction to make the order in question.
The jurisdiction of the juvenile and domestic relations court is entirely statutory. Hagopian v. Hagopian, 130 N.J. Eq. 38 (E. & A. 1941). The complaint set forth a cause of action under the statute but the court below concluded that the plaintiff failed to establish the truth of it. Despite this it made the order. It did so on the theory that the welfare of the child would be promoted thereby.
Such an order may properly be made under appropriate circumstances by a court having jurisdiction to adjudicate *132 under the parens patriae doctrine. Such jurisdiction was in the former Court of Chancery, Richards v. Collins, 45 N.J. Eq. 283 (E. & A. 1889), and it now reposes in the Superior Court, 1947 Constitution, Art. VI, Sec. III, and more specifically in the Chancery Division thereof, Rule 3:40-2.
In Lippincott v. Lippincott, 97 N.J. Eq. 517 (E. & A. 1925), where the parents of the infant were dead and it was in the custody of its paternal grandparents, the right of visitation was accorded to the maternal grandparents. In the case of In re Alsdorf, 142 N.J. Eq. 246 (Ch. 1948), the custody of motherless children was continued in their maternal grandparents against the claim of their father, but he was allowed visitation. In the decision of these cases the welfare of the children was the determining factor and the adjudication was made under the parens patriae jurisdiction.
The juvenile and domestic relations court does not possess this jurisdiction and it therefore lacked the power to make an award of custody, even though limited, unless the plaintiff established a case under R.S. 9:2-9. Since he failed to do so, the court erred in making the order.
It is reversed without costs.