DEBORAH ELDREDGE DUPONT,
Plaintiff,

*vs.*

WILLIAM HENRY DUPONT,
Defendant.

WILLIAM HENRY DUPONT,
Plaintiff,

*vs.*

DEBORAH ELDREDGE DUPONT,
Defendant.

*New Castle, May 11, 1962.*

*Laurence H. Eldredge,* Philadelphia, Pa., and *Daniel L. Herrmann,* of Herrmann, Bayard, Brill & Gallagher, Wilmington, for Deborah Eldredge duPont in both actions.

*William S. Potter* and *James L. Latchum,* of Berl, Potter & Anderson, Wilmington, for William Henry duPont in both actions.

SEITZ, Chancellor: The court is concerned with two actions. One is an action by Deborah Eldredge duPont ("Deborah") seeking specific performance of Paragraph 3(c) (1) of a Separation Agreement with her former husband William Henry duPont ("Henry"). She contends that he refuses "to pay tuition costs and educational costs" for each child of the parties while in private schools, even though this paragraph so provides.

The second action is brought by Henry against Deborah seeking specific performance of the so-called arbitration provision of the Separation Agreement. Henry contends that the operation of the provision of the Separation Agreement dealing with payment of the educational expenses of the children is subject to arbitration where, as here, there is a dispute between Deborah and him concerning such matters.

The arguments of the parties have wandered into many areas not directly involved in resolving the issues presented in these cases. As I view it, the language of the Separation Agreement, when read in the light of undisputed surrounding circumstances, provides the answers to the present controversy. Paragraph 2 of the Separation Agreement gives the wife custody and control of the children subject to certain visitation rights in Henry. This paragraph also provides that "The parties shall confer with each other regarding the choice of schools, vacations, summer camps, tuition and education costs for the children and if they cannot agree the matter will be decided by arbitration under the terms of Paragraph 22 hereof."

Paragraph 3 then provides that, subject to the provisions of Paragraph 4, Henry (a) agrees to pay to Deborah, subject to limitations not now pertinent, $5,000 annually, (b) agrees to pay to Deborah for the support and maintenance of each child, with limitations not now pertinent, "a sum of money annually which, when added to any and all other amounts or property available for the support and maintenance of such Child, other than such Child's own earnings, shall equal the sum of Four Thousand ($4,000) Dollars per annum. Subparagraph (c) then provides as follows:

"(c) In addition to the foregoing payments to be made by the Husband to the Wife as provided in Paragraphs 3(a) and 3(b) above, and for the applicable periods as limited above, the Husband agrees to pay: (1) tuition costs and other education costs for each Child; (2) the reasonable expense of summer camp or vacation for each Child until said Child shall attain the age of twenty-one years; and (3) medical, dental, surgical, hospital and nursing expenses incurred in excess of Three Hundred Fifty ($350) Dollars in any year for the Wife and Children. Before incurring such expenses, however, the Wife shall consult with the Husband if there is reasonable opportunity to do so."

I should add that Paragraph 4 is not entirely clear but it provides in effect that there is a ceiling on the payments provided for in Paragraph 3(a) and (b), which ceiling is predicated on a formula which I need not now consider. It does not apply to 3(c).

Paragraph 22, insofar as pertinent, provides as follows: "Any dispute between the parties arising out of or in conection with the terms of this Agreement regarding visitation rights, the selection of schools, or the costs and expenses referred to in Paragraph 3(c) hereof, only shall be arbitrated."

Henry first seems to argue that Deborah failed to consult with him about the schools and tuition costs for the current school year. Actually the Agreement did not become effective until after the commencement of the current school year. When it became effective on October 20, 1961, it was retroactive to October 1, 1960. Thus, as a practical matter, the "consultation" provision could not have been applied to the present school year. It may be noted that on September 11, 1961, Deborah's counsel did notify Henry's counsel that the children were enrolled in the schools they had been attending. So far as I can ascertain, Henry did not request arbitration until January 19, 1962. The Agreement does not provide mechanics for implementing its "consultation" provisions. Certainly Henry could not wait until January to raise questions which should have been resolved at or before the commencement of the school year. I would think the parties might want to execute a supplement to the Agreement incorporating mechanics for implementing this and similar provisions.

Thus, I conclude that the expenses incurred for the current year are not now arbitrable. They must be paid by Henry under my later construction of this Agreement.

Henry next appears to say that the payments provided for by Paragraph 3(c) are covered by the payments made by Paragraph 3(b). I cannot follow this argument. The language of Paragraph 3(c) to the effect that the payments therein provided should be "in addition to" the payments made under Paragraph 3(a) and (b) is so clear that the subject is not an arguable one. Contrary to Henry's contention, we are not concerned with an issue as to whether the children can be educated from the payments provided in (b) because Henry agreed to make payments "in addition" for tuition. The Agreement rather consistently distinguishes between the children's maintenance and education.

I am satisfied that by Paragraph 3(c) Henry agreed to pay the tuition costs and other educational costs of each child in addition to the payments called for by Paragraph 3(b). To this extent the matter is not subject to arbitration. I believe that, insofar as we are now concerned, the arbitration provision applies to the selection of the schools and the tuition and educational costs incident thereto. I think the last sentence of Paragraph 2 and the last sentence of Paragraph 3 support my conclusion.

Henry says the children should go to public school if they cannot pay tuition from the proceeds of the (b) payments. The answer is that Henry agreed to pay tuition costs. Against the background of this agreement and in the light of its terms, I am satisfied that he agreed to pay for private school costs. Indeed, the use of the word "tuition" would seem to make this clear because "tuition" is not normally charged in public grade schools, and these children are basically in that category. If there were any doubt, the private school history of this family would resolve it.

The arbitrators, in the course of discharging their duties, must take into consideration the availability of money to the husband from all sources for the purpose of implementing paragraph 3(c). This is what may be characterized as a "broad limitation." I so conclude

because Henry committed himself by the Agreement to make tuition payments. He so committed himself at a time when it was clear that he did not have income of his own available for that purpose. Thus, the arbitrators must assume that whatever decision they make concerning private schooling will be implemented from other sources or in other ways. If their task be difficult I can only say that this is the Agreement the parties made.

If there is to be arbitration, it must concern itself with the forthcoming school year. I would think that the parties would want to raise that issue promptly if it is to be posed. I say this because these small children should not be "pawns" in this unfortunate situation. I suggest that, absent an agreement on mechanics, Deborah's attorney advise Henry's attorney promptly as to a time when and a place where she is willing to meet with Henry to confer concerning school, etc. This would seem to be a prerequisite to arbitration under the Agreement.

Deborah's motion for summary judgment will be granted in C.A. 1572 but only for the present school year. Henry's motion for summary judgment in both cases will be denied and Deborah's motion in C.A. 1575 will be granted but subject to the limitations reflected in this opinion.

Present order on notice.