127 N.J. Super. 595 (1974)
318 A.2d 446
ELIZABETH C. WERTLAKE, PLAINTIFF,
v.
PAUL T. WERTLAKE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 3, 1974.
*596 Mr. Gary S. Lewis for plaintiff (Messrs. Rothbard & Lewis, attorneys).
Mr. Edward S. Snyder for defendant.
CONSODINE, J.S.C.
Defendant seeks by motion to vacate an alimony order of this court. Wife's cross-motion seeks increased child support and alimony. In answer thereto defendant asks arbitration pursuant to a provision of the property settlement agreement incorporated into the final judgment. This provision provides that any financial claim or dispute should be arbitrated under the rules of the American Arbitration Association.
The role of arbitration in a matrimonial action has never been considered before by the courts of this State.
"Arbitration" is the substitution by consent of the parties of another tribunal for the tribunal provided by ordinary process of law. Eastern Engineering Co. v. Ocean City, 11 N.J. Misc. 508, 167 A. 522 (Sup. Ct. 1933). Arbitration *597 is claimed to provide a summary and inexpensive method of settling disputes. Fagliarone v. Consolidated Film Industries, Inc., 20 N.J. Misc. 193, 26 A.2d 425 (Cir. Ct. 1942), aff'd 131 N.J.L. 315 (E. & A. 1944). Nothing could be more summary and inexpensive than our practice in matrimonial cases  notice of motion and affidavits.
Although it was held in an old English case that the terms of separation between husband and wife could be arbitrated, Soilleux v. Herbst, 2 Bos. & Pul. 444 (1801), covenants to arbitrate were originally frowned upon. William C. Blanchard Co. v. Beach Concrete Co., 121 N.J. Super. 418 (Ch. Div. 1972), as attempts to oust the jurisdiction of the courts.
Generally today, however, settlement of controversies by arbitration is favored by the courts. Machine Printers Beneficial Ass'n v. Merrill Textile Print Works, 12 N.J. Super. 26 (App. Div. 1951).
The Arbitration Act of 1923, L. 1923, c. 134 (N.J.S.A. 2A:24-1 et seq.) provides a complete scheme covering the subject. Keppler v. Terhune, 88 N.J. Super. 455 (App. Div. 1965).
N.J.S.A. 2A:24-1 provides:
A provision in a written contract to settle by arbitration a controversy that may arise therefrom [submitted] pursuant to section 2A:24-2 of this title * * * shall be valid * * * except upon such grounds as exist at law or in equity for the revocation of a contract.
We pass over whether the controversy was submitted in accordance with N.J.S.A. 2A:24-2.
In Sommer v. Mackay, 10 N.J. Misc. 644, 160 A. 495 (Sup. Ct. 1932), it was held that our Arbitration Act, supra, did not infringe upon the jurisdiction of the Chancery Court over specific performance of contracts. However, it has long been recognized that the State has a special interest in matrimonial actions, as distinguished from its general interest in having every case rightly decided. Armour v. Armour, 138 N.J. Eq. 145 (E. & A. 1946).
*598 Our Superior Court has original jurisdiction in all causes. This includes jurisdiction in equity matters. Roberts v. Roberts, 106 N.J. Super. 108 (Ch. Div. 1969). The Superior Court has constitutional jurisdiction over all causes within the jurisdiction of the former Supreme Court and the former Court of Chancery, subject only to express alterations thereof contained in the 1947 State Constitution. Abbott v. Beth Israel Cemetery Ass'n, 13 N.J. 528 (1953). Jurisdiction to adjudicate under the parens patriae doctrine was in the former Court of Chancery, and now reposes in the Superior Court, Chancery Division. In re Stevens, 27 N.J. Super. 130 (App. Div. 1953). See 4 Pomeroy, Equity Jurisprudence (1941 ed.) § 1303.
Courts in other states have held valid provisions for the arbitration of disputes over alimony. Re Mesmer's Estate, 94 Cal. App. 97, 270 P. 732 (D. Ct. App. 1928); Stratton v. Stratton, 77 Me. 373 (Sup. Jud. Ct. 1885); Carter v. Carter, 109 Mass. 306 (Sup. Jud Ct. 1872); others have held valid similar provisions concerning the support of the wife and child; Eaton v. Burns, 31 Ind. 390 (Sup. Ct. 1869); Masterson v. Masterson, 22 Ky. Law Rep. 1193, 60 S.W. 301 (Ct. App 1901); Robinson v. Robinson, 296 N.Y. 778, 71 N.E.2d, 214 (Ct. App. 1947); Du Pont v. Du Pont, 40 Del. Ch. 290, 181 A.2d. 95 (Ch. 1962). New York courts even uphold arbitration over questions of child custody and visitation; Sheets v. Sheets, 22 A.D.2d 176, 254 N.Y.S.2d 320, 18 A.L.R.3d 1257 (App. Div. 1964); see Annotation, 18 A.L.R.3d 1264; although the latest New York cases have limited Sheets, see Agur v. Agur, 32 A.D.2d 16, 298 N.Y.S.2d 772 (App. Div. 1969), and criticized it, Nestel v. Nestel, 38 A.D.2d 942, 331 N.Y.S. 2d 241 (App. Div. 1972).
It is generally agreed that arbitration is ill-adapted for the delicate balancing of the factors composing the best interest of the child in custody and visitation questions. The judicial process is more broadly gauged and better suited to protecting these interests. Nestel v. Nestel, supra.
*599 The power to make orders touching the care and custody of children is inherited and inherent in our Superior Court, Clemens v. Clemens, 20 N.J. Super. 383 (App. Div. 1952), and may not be abrogated by statute, Lavigne v. Family & Children's Soc., 18 N.J. Super. 559 (App. Div. 1952), reh. den. 19 N.J. Super. 401, rev'd 11 N.J. 473 (1953), nor a fortiori by agreement of the parties.
Clearly such matters are not subject to arbitration.
Since the State is parens patriae to children, and since the support, education and welfare of children is the exclusive concern of the courts so that parties can make no permanent binding contract with respect to those matters, child support is not arbitrable. Lindey, Separation Agreements and Ante-Nuptial Contracts, § 29-14 (1967).
The conscience of equity will not permit the present needs of children to be limited by the agreement of the parties. Gulick v. Gulick, 113 N.J. Super. 366 (Ch. Div. 1971).
Finally, although Schlemm v. Schlemm, 31 N.J. 557 (1960), modified the view prevailing at the time of the enactment of our Arbitration Act, namely that a spouse's obligation to render suitable support  a state policy  arises out of the status of wedlock and is in no sense contractual, O'Hara v. O'Hara, 137 N.J. Eq. 369 (E. & A. 1945) and consequently could not come under the act's provisions, alimony under our statutes remains perpetually subject to modification by Chancery. N.J.S.A. 2A:34-23. To effectuate this purpose the court's power to act on modification must not be impaired. Greenberg v. Greenberg, 99 N.J. Eq. 461 (Ch. 1926). Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971) is not to the contrary.
Therefore I hold that that portion of the final judgment providing for arbitration is invalid and unenforceable.