205 N.J. Super. 600 (1985)
501 A.2d 605
SHAWN MACK, A MINOR BY HIS MOTHER AND GUARDIAN AD LITEM, DOROTHY MACK, AND DOROTHY MACK, INDIVIDUALLY AND IN HER OWN RIGHT, PLAINTIFF,
v.
KENNETH V. BERRY AND ROYAL M. UPSHUR, DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County.
Decided July 12, 1985.
*602 Raymond S. Nadel for plaintiff (Freeman, Zeller and Bryant, attorneys).
Jonathan A. Eron for defendant Berry.
Lawrence D. Lally for defendant Upshur (Montano, Summers, Mullen, Manuel & Owens, attorneys).

OPINION
WEINBERG, J.S.C.
The Legislature directed that a system of arbitration be established for any cause of action filed in the Superior Court arising out of the operation, ownership, maintenance or use of an automobile within specific guidelines. N.J.S.A. 39:6A-24 et seq. It mandated that the Supreme Court of New Jersey adopt rules of court appropriate or necessary to effectuate the purpose of the legislation. N.J.S.A. 39:6A-35. The Supreme Court of New Jersey ordered the adoption of Statewide Rules Governing Automobile Arbitration on November 28, 1984, to be effective January 1, 1985. The arbitration proceedings respecting *603 causes of action within the scope of the legislation and Rules commenced immediately thereafter.
The issue before the court is whether the guardian ad litem of a minor plaintiff, following an award pursuant to the mandatory Automobile Arbitration Program, may accept the terms of the award without judicial approval of the award in a "friendly" pursuant to Rule 4:44 (Proceedings To Approve Settlements). A corollary issue is whether such acceptance without court approval is binding upon all parties.
The purpose and intent of the Automobile Arbitration legislation is "to establish an informal system of settling claims arising out of automobile accidents in an expeditious, and least costly manner, and to ease the burdens and congestion of the State's courts." N.J.S.A. 39:6A-24. It seems clear from the legislative language that the program is designed to dispose of cases whose economic value is modest. Nonetheless, the Legislature and the courts recognize that the parties are entitled to a "day in court," and therefore the court-established arbitration system provides a quasi-judicial setting for the determination of claims within the statutory guidelines. We must not lose sight of the fact that however formal the arbitration proceedings become, they are not, nor were they ever contemplated to be an actual substitute for judicial disposition by trial. The parties cannot be denied the constitutionally-guaranteed right to a jury trial once they have participated in the arbitration process. N.J. Const. 1947, Art. I, par. 9; see Tambe v. Otto, 113 N.J.L. 171 (1934). This is demonstrated by the rules implementing the statute, which guarantee trial de novo and direct that the rules of evidence shall only be guidelines. Statewide Automobile Arbitration Rules 10 and 7 (hereinafter S.A.A. Rule).
There is an inherent tension between the purposes of the statute and the right of parties to a trial by jury on the issues arising from a claim. This is so despite the modest nature of provable damages in mandatorily arbitrable cases. In an effort to effect the act's purposes while affording the parties the *604 atmosphere of a judicial determination, our courts have encouraged the adoption of certain formalities that emphasize to the litigants that they have had their "day in court." Among these are: use of the courtroom with the arbitrators sitting at the bench; proper swearing of witnesses and use of the witness' chair; separate deliberation facilities for the arbitrators and when reasonable, the rendering of an award from the bench. Ultimately, while the arbitration proceeding may provide an objectively accurate simulation of a proper jury verdict and while the parties may be sufficiently impressed with the proceedings that they will readily accept the arbitrators' award, such an award is only the predicate for an amicable settlement of the legal dispute. It is not a judgment in the sense of a jury verdict and is afforded no deference under the statutory scheme, save that it may serve as a touchstone for the comparison of a subsequent jury verdict if a motion for attorney's fees follows the trial de novo, N.J.S.A. 39:6A-34, S.A.A. Rule 10E.
It is clear that an arbitration award cannot be considered a judgment unless and until 30 days have passed after the arbitration hearing without objection from either party and the award is subsequently confirmed by the court. N.J.S.A. 39:6A-31, S.A.A. Rule 10B. This is not the case with a jury verdict. While the right to appeal exists to potentiate a modification of a jury verdict, such modification can only be accomplished through a motion granted by the trial court for good cause or appellate review. Smith v. Smith, 17 N.J. Super. 128 (App.Div. 1951).
The right to appeal  if you will  from an automobile arbitration proceeding is a right vested in all parties via the motion for trial de novo and carries with it virtually no impediment to obtaining a jury-deliberated judgment. The motion, if timely made, is granted pro forma, unlike the appeal of a judgment upon the verdict. Therefore, even though by a party's inactivity, both the arbitration award and judgment upon a verdict become final judgments, this is not to liken the *605 arbitration award to a judgment in the ordinary sense. The latter is a thing unto itself and need not be confirmed to achieve the status of a judgment, whereas the former is binding only upon the acquiescence of the parties for more than 30 days and the confirmation of the court that the said passage of time is deemed a mutual acceptance of its terms. S.A.A. Rule 10A.
All of this being necessary to the original consideration, which is: under what circumstances does the arbitration award become binding on a minor plaintiff? As the courts have observed, "infants are as much bound by a judgment or decree, as if they were adults." Sites v. Eldredge, 45 N.J. Eq. 632 (1889). Since it has been determined that the arbitration award is not a judgment in and of itself but is merely a predicate to an amicable settlement before trial, it is herewith determined that an arbitration award cannot be accepted by or on behalf of a minor without the approval of the court.
It has long been the practice of the courts in our state that amicable settlement of justiciable claims involving minors be judicially approved in order to protect the rights of the infant. The common law principle is that the minor may not consent to a judgment affecting him since he has not the discretion to do so and further that this guardian or next friend (prochain ami) has neither the power nor the duty to so consent. 42 Am.Jur.2d 192. Such compromises are approvable only after judicial examination of the facts in the case in order to determine whether the settlement is reasonable and in the child's best interest. Upon judicial investigation and approval, an order will issue adjudging the settlement binding on all parties and therefore a final judgment as to damages. The proceeding is commonly called a "friendly suit."
In order to assure the repose to all parties that must result from the final resolution of a law suit, we conclude that all parties are to be protected by the requirement of a "friendly" whenever the arbitrator's award is acceptable to both the guardian ad litem of the minor plaintiff and the defendant(s). *606 By these means the court will inquire into the terms of the settlement to insure that it is reasonable; that the infant's best interests are accommodated, and guarantee that the defendant is protected from later claims.