280 N.J. Super. 254 (1995)
654 A.2d 1375
MICHAEL ALLGOR, PLAINTIFF-RESPONDENT,
v.
THE TRAVELERS INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 24, 1995.
Decided March 20, 1995.
*257 Before Judges MICHELS, KEEFE and HUMPHREYS.
Hack, Piro, O'Day, Merklinger, Wallace & McKenna, attorneys for appellant (William F. Murphy, on the brief).
George A. Vaccaro, attorney for respondent (Jacqueline C. Grindrod, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
The issue to be decided is whether an agreement by a named insured to submit all underinsured motorist (UIM) benefits disputes to binding arbitration precludes a minor, family member of the insured from seeking trial by jury as to such a dispute. The Law Division held that the minor was not bound by his father's agreement with the insurer, and denied the insurer's motion for summary judgment. The insurer appeals from that judgment which we now reverse for reasons stated herein.[1]
*258 The facts are not in dispute. Thomas W. Allgor, father of plaintiff Michael Allgor, purchased an automobile insurance policy from defendant Travelers Insurance Company (Travelers). The policy provided for, among other things, UIM coverage in the amount of $250,000 for each person and $500,000 for each accident.
On August 10, 1986, plaintiff, then a minor, was operating his father's vehicle when he was involved in a motor vehicle accident with Laura Overton. Ms. Overton's auto insurance policy provided the minimum liability limits of $15,000 per person per accident. Unfortunately, the injuries sustained by plaintiff were substantial. Ms. Overton's automobile insurer paid the limits of her liability policy in settlement of the claim.
Plaintiff had previously placed Travelers on notice of his UIM claim. Plaintiff was qualified to make such a claim because he was a "relative" of the named insured under the policy, and, thus, considered an "insured" for the purpose of making such a claim.
The matter eventually proceeded to arbitration and resulted in an award of $100,000 for plaintiff's non-economic loss. The arbitrators appropriately reduced the award by $15,000, the sum paid to plaintiff by Overton's insurer, and entered a net award of $85,000. Plaintiff rejected Travelers' tender of payment of the $85,000.
Thereafter, plaintiff instituted suit against Travelers and demanded a trial by jury "as to the value of his claim to the extent (sic) limit of the policy of insurance[.]" Travelers moved for summary judgment relying upon the provisions of the policy which provided that any disagreement as to the "amounts of damages" would be settled by arbitration. After providing the procedure by which three arbitrators would be appointed, the expense of arbitration, and its venue, the policy provided:

*259 The written decision of any two arbitrators will be binding on both parties, subject to the terms of this insurance. Judgment on the award made by the arbitrators may be entered in any court having jurisdiction.
In a six page letter opinion, the Law Division judge held that "an insured who is not a party to a contract of insurance does not waive the right to trial by jury." The crux of the trial judge's reason for coming to that conclusion is found in the following passage from his opinion.
The arbitration clause, as it applies to an insured who is not the named insured or owner of the insurance policy, is violative of public policy. There can be no public policy consideration greater than that which is expressed in the Constitution of New Jersey, N.J. Const. 1947 Art. 1 ¶ 9. The right to trial by jury is inviolable. The right is a personal right which can only be waived by the individual who asserts the right. The right "in law" cannot be bargained away without the consent or the knowledge of the individual who asserts the right.
The judge's opinion appears to apply to all insureds regardless of age, other than the name insured. On appeal, however, plaintiff focuses his argument on the narrower issue, i.e. his status as a minor.
UIM coverage is not mandated by statute. Rather, it is an option which must be offered by an insurer "to the named insured[.]" N.J.S.A. 17:28-1.1; Prudential v. Travelers, 264 N.J. Super. 251, 259, 624 A.2d 600 (App.Div. 1993). Except for the requirement that UIM coverage be offered up to certain limits, the Legislature imposed no other restrictions on the content of the coverage agreement. "It is fundamental that in the absence of a statutory prohibition to the contrary, an insurance company has a right to impose whatever conditions it desires prior to assuming its obligations, ..." including the provision that disputes be resolved by way of arbitration. Royal Ins. Co. v. Rutgers Cas. Ins. Co., 271 N.J. Super. 409, 419, 638 A.2d 924 (App.Div. 1994).
A claim presented under a UIM endorsement is essentially one of contract. Prudential, supra, 264 N.J. Super. at 257, 624 A.2d 600 (citing Christy v. City of Newark, 102 N.J. 598, 610, 510 A.2d 22 (1986)). At common law, a litigant who sued on contract for money damages enjoyed a right to trial by jury. See Weinisch v. Sawyer, 123 N.J. 333, 343, 587 A.2d 615 (1991). That *260 is not to say, however, that a party to a contract cannot agree to a different forum for the resolution of a dispute arising out of the contract. That is what occurred here. The fact that the Travelers policy is a contract of adhesion does not automatically void the agreement. It "is the beginning, not the end, of the inquiry[.]" Rudbart v. Water Supply Comm'n., 127 N.J. 344, 354, 605 A.2d 681 (1992), cert. denied, ___ U.S. ___, 113 S.Ct. 203, 121 L.Ed.2d 145 (1992). The critical question is whether "as a matter of policy" the unilaterally fixed provision of the contract should be enforced. Ibid. It can no longer be doubted that where parties to a contract choose arbitration as the alternative forum for dispute resolution, such choice is in accord with the public policy of this State, and will be afforded respectful recognition with only a narrow scope of judicial review. Tretina Printing, Inc. v. Fitzpatrick & Associates, Inc., 135 N.J. 349, 640 A.2d 788 (1994).
Although Thomas Allgor had no power to bargain out the arbitration clause, there was no degree of economic compulsion which required him to adhere to Travelers' choice of forum. As pointed out earlier, the Legislature made UIM coverage optional. Thomas Allgor could either elect or not elect its benefits. With the exception of the Legislature's demand that coverage be offered to certain limits, it did not choose to dictate further the terms of the UIM coverage agreement.
However, it is clear that the Legislature considered and approved arbitration as the forum for resolving uninsured motorist (UM) disputes. See N.J.S.A. 17:28-1.1d. UM coverage is mandated by statute. N.J.S.A. 17:28-1.1a. There is no reason to believe the Legislature would make a different choice for the resolution of UIM claims where the coverage is optional. In the absence of economic compulsion and in view of the fact that enforcement of the arbitration clause advances rather than contravenes public policy, the elements ordinarily relied upon to set aside provisions of a contract of adhesion are not present. Rudbart, supra, 127 N.J. at 356-359, 605 A.2d 681. Arbitration being a legislatively and judicially acknowledged and encouraged forum *261 for the resolution of disputes, we perceive no violation of public policy simply because that election is contained in a contract of adhesion. Thus, we conclude that the named insured, Thomas Allgor, is bound by the arbitration clause of the UIM policy, although it cannot be said that he had a right to preclude that result.
The question then is whether non-parties to the insurance contract, who nonetheless may be defined as insureds under it, are also bound. An insurance policy is an integrated document and "operates as a single contract, rather than as separate contracts for each named insured." 1 Long The Law of Liability Insurance, § 2.02[1] (Bender ed. 1994). Aside from the named insured who elects UIM coverage, the Legislature does not mandate who else must be insured. See Handler v. State Farm Ins., 253 N.J. Super. 641, 602 A.2d 796 (App.Div. 1992). Thus, plaintiff, in this case as a "relative" of the named insured, is simply a third-party beneficiary of the contract. The rights of such a beneficiary "depend upon, and are measured by, the terms of the contract between the promisor and the promisee." Roehrs v. Lees, 178 N.J. Super. 399, 409, 429 A.2d 388 (App.Div. 1981). A third-party beneficiary may accept the benefits of the contract, but is also bound by any burdens or restrictions created by it. 17A Am.Jur.2d Contracts § 459-460 (1991). Specifically, a third-party beneficiary's rights against an insurer are no greater than those of the insured. 8 Appleman, Insurance Law And Practice, § 4811 (1981). As an intended third-party beneficiary of the contract, plaintiff in this case simply does not have greater rights than his father has as the named insured and maker of the contract. Thus, plaintiff is able to contest the terms of the contract only to the extent that his father can. Consequently, because the binding arbitration clause is enforceable against plaintiff's father, it is also enforceable against plaintiff.
Plaintiff also argues that arbitration is not appropriate when the best interests of a child are at stake and relies on Wertlake v. Wertlake, 127 N.J. Super. 595, 318 A.2d 446 (Ch.Div. *262 1974). This argument is misplaced for two reasons. First, the Supreme Court in Faherty v. Faherty, 97 N.J. 99, 477 A.2d 1257 (1984) approved the arbitration of child support issues where arbitration was chosen as the forum for dispute resolution by the parties in their separation agreement. Id. at 108-110, 477 A.2d 1257. The Court held that an arbitrator's award will be valid, subject only to N.J.S.A. 2A:24-8 and heightened judicial review to assure that the child's substantial best interests are protected. Id. at 109-110, 477 A.2d 1257. Second, this court, in reversing the trial court in Wertlake, pointed out that the arbitration clause in the parties' agreement was not an issue because the dispute was submitted to the court for resolution. Wertlake v. Wertlake, 137 N.J. Super. 476, 490-491, 349 A.2d 552 (App.Div. 1975). Thus, the trial court's disapproval of arbitration in child support matters in Wertlake was mere dicta. Faherty, supra, 97 N.J. at 107, 477 A.2d 1257.
Our conclusion is supported by case law from other jurisdictions. In Doyle v. Giuliucci, 62 Cal.2d 606, 43 Cal. Rptr. 697, 401 P.2d 1 (1965), the minor's father contracted with a medical group for health care coverage for his dependents as well as himself. The policy contained a binding arbitration provision and the California Supreme Court bound the minor claimant. Id. 43 Cal. Rptr. at 699, 401 P.2d at 3. While recognizing that a minor can disaffirm a contract he or she enters, the Doyle court stated that this rule does not apply to contracts between adults entered into on behalf of a child because the child is a third-party beneficiary. Ibid. Compelling public policy required binding minors to arbitration because absent such a rule minors could regularly disavow medical care contracts and medical groups would be disinclined to extend such protection to minors. Ibid.
In Leong v. Kaiser Foundation Hospitals, 71 Haw. 240, 788 P.2d 164 (1990), Doyle was endorsed by the Hawaiian Supreme Court. The Court held that, notwithstanding the Hawaiian arbitration statute that exempts minors from arbitration provisions contained in contracts which they enter, the third-party beneficiary *263 status of the minor compelled that the minor be bound by the arbitration provision of the father's policy. Id. 788 P.2d at 169.
Further, an unborn child was bound to an arbitration provision in a medical care package signed by a parent because the parent had a duty and a right as the child's guardian to protect the child's interest. Pietrelli v. Peacock, 13 Cal. App.4th, 943, 16 Cal. Rptr.2d 688, 699 (1993). Similarly, in Jeanes v. Arrow Ins. Co., 16 Ariz. App. 589, 494 P.2d 1334 (1972), an injured passenger, who was not a minor, was bound by the policy of the named insured because the passenger was a third-party beneficiary of the contract. Id. 494 P.2d at 1337.
In this case, the optional nature of UIM benefits under N.J.S.A. 17:28-1.1b, and the absence of a statute exempting minors from arbitration, requires plaintiff's rights to be analyzed under contract principles. The third-party nature of plaintiff's benefits and his father's attempt to provide for plaintiff's welfare fully warrant binding plaintiff to the arbitration provision.
The trial judge believed, and plaintiff likewise contends, that Fairfield Leasing v. Techni-Graphic, 256 N.J. Super. 538, 607 A.2d 703 (Law Div. 1992) is similar to the present case. Fairfield held that an insured did not waive his right to a jury trial because the jury waiver clause was inconspicuous, the contract was standardized, and the insured did not have the assistance of counsel. Id. at 543, 607 A.2d 703. However, the cases are factually distinguishable. First, the jury waiver clause in Fairfield was contained within a single-spaced sentence with letters one-half the size of normal typewritten letters. Thus, the clause was drafted inconspicuously to avoid detection. Id. at 540, 607 A.2d 703. Here the contract arbitration clause is clearly visible and is in clear, plain language in a form approved by the Commissioner.[2] *264 Further, the insured, Thomas Allgor, does not challenge the waiver.
The contention that plaintiff never saw the waiver provision in the arbitration clause is irrelevant. The insurance contract was a third-party beneficiary contract for those insureds who are "relatives" of plaintiff's father, the named insured. Plaintiff did not have to see the contract, indeed most third-party beneficiaries do not, in order to be bound by the rights and liabilities created therein. See Roehrs, supra, 178 N.J. Super. at 409, 429 A.2d 388; 17A Am.Jur.2d Contracts, at §§ 439-460.
Plaintiff's reliance on Mack v. Berry, 205 N.J. Super. 600, 501 A.2d 605 (Law Div. 1985) is also misplaced. Mack concerned statutorily mandated arbitration proceedings under the Automobile Arbitration Program (AAP), N.J.S.A. 39:6A-24 et seq. Under the AAP, parties whose claims fall within the statutory guidelines must submit to arbitration in order to "ease the burdens and congestion of the State's courts," N.J.S.A. 39:6A-24, yet the parties have the right to file for a trial de novo within thirty days of the arbitration decision. N.J.S.A. 39:6A-31. Further, the trial de novo request is granted pro forma. Mack, supra, 205 N.J. Super. at 604, 501 A.2d 605. After the thirty days has elapsed, either side can petition the court to finalize the arbitration award as a judgment. N.J.S.A. 39:6A-31. The Mack court simply held that the arbitration award does not bind a minor plaintiff unless the court approves the award in the context of a "friendly suit[]" in order to protect the best interests of the minor. Mack, supra, 205 N.J. Super. at 605-606, 501 A.2d 605.
The distinguishing feature between Mack and the present case is that the AAP mandates arbitration by statute but also guarantees the right to a trial de novo if the award is deemed insufficient. This statutory framework undergirds the decision to require court approval of a minor's award because in the AAP context a waiver of trial by jury results from the minor's silence. N.J.S.A. 39:6A-31. Here, plaintiff's rights are contractual, not *265 statutory, and plaintiff is a third-party beneficiary of a contract that limits the rights of all insureds to arbitration. Further, insureds under UIM policies are not afforded a statutory right to trial under N.J.S.A. 17:28-1.1b as they are under the AAP.
The judgment under review is reversed. In the absence of any legitimate challenge to the arbitration award, the matter is remanded solely for the purpose of entering judgment upon the award.
NOTES
[1] The judgment under review, though interlocutory, was certified as final by the Law Division judge. R. 4:42-2. The entry of the order was an inappropriate use of the rule. Pressler, Current N.J. Court Rules, comment R. 4:42-2. The order is clearly interlocutory and not appealable without leave. However, inasmuch as plaintiff has not objected to the procedure followed by defendant, and to avoid further delay, we hereby grant leave to appeal nunc pro tunc as if a motion had been filed. R. 2:2-4.
[2] A letter dated December 29, 1983, from the State of New Jersey, Department of Insurance, approved Travelers insurance policy pursuant to New Jersey insurance laws and regulations, and certified it as complying with the Plain Language Act, N.J.S.A. 56:12-1 et. seq.