281 N.J. Super. 190 (1995)
656 A.2d 1298
HERTZ CLAIM MANAGEMENT, PLAINTIFF-APPELLANT,
v.
JOSEPH AND CANDOLORA MARCHETTA, DEFENDANT-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 6, 1994.
Decided April 27, 1995.
*191 Before Judges LONG, A.M. STEIN and P.G. LEVY.
John J. Jackson, III, argued the cause for appellant (King, Kitrick, Jackson & Troncone, attorneys; Mr. Jackson on the letter brief and reply letter brief).
Stephen R. Bolden, admitted pro hac vice, argued the cause for respondents (Ellyn M. Epstein, attorney; Mr. Bolden and Ms. Epstein on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
We affirm the Law Division order declaring Virginia's wrongful death statute, Va.Code.Ann. § 8.01-52, "to be the appropriate law by which damages are to be calculated in the pending arbitration between Joseph and Candolora Marchetta and Hertz Claim Management."
In April 1991, while visiting friends in Virginia, decedent Catherine D. Marchetta, a seventeen-year-old minor, was killed instantly in a one-car automobile accident. She was a resident of the State of New Jersey, living with her parents in Sewell. The driver of the vehicle, a Virginia resident, was convicted of driving *192 under the influence of alcohol, Va.Code.Ann. § 18.2-266, and reckless driving, Va.Code.Ann. § 46.2-864.
The Marchettas settled their action with the driver of the vehicle for his full $100,000 insurance policy limit and thereafter demanded arbitration for underinsured motorist coverage (UIM) from Hertz, their insurance company, under a wrongful death theory. Hertz asserts that New Jersey's wrongful death statute, which only permits recovery for economic loss, should be used to calculate damages. N.J.S.A. 2A:31-5 ("jury may give such damages as they shall deem fair and just with reference to the pecuniary injuries resulting from such death, together with hospital, medical and funeral expenses incurred for the deceased"). The Marchettas contend that Virginia's wrongful death statute, which additionally permits compensation for sorrow and mental anguish, should be applied. Va.Code.Ann. § 8.01-52(1) (wrongful death award may include damages for "[s]orrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent").
The law of the place of the contract generally governs the rights and liabilities of parties under an insurance policy. State Farm Mut. Automobile Ins. Co. v. Simmons' Estate, 84 N.J. 28, 34-35, 417 A.2d 488 (1980). Exceptions to this basic rule occur only where another state has a "dominant and significant relationship ... to the parties and the underlying issue dictates that this basic rule should yield." Id. at 37, 417 A.2d 488. Here, the policy was issued in New Jersey to a New Jersey resident, it provided coverage for a car registered in New Jersey and New Jersey was the site of the contract. We therefore apply New Jersey insurance contract law.
New Jersey law requires insurers to offer insureds the option of underinsured motorist coverage. See N.J.S.A. 17:28-1.1(b); Nikiper v. Motor Club of America Cos., 232 N.J. Super. 393, 396, 557 A.2d 332 (App.Div.), certif. denied, 117 N.J. 139, 564 A.2d 863 (1989). The purpose of the "coverage is to make available insurance protection for accident victims where the tort-feasor *193 did not have adequate insurance coverage." Handler v. State Farm Mut. Automobile Ins. Co., 253 N.J. Super. 641, 646, 602 A.2d 796 (App.Div. 1992). "A claim presented under a UIM endorsement is essentially one of contract." Allgor v. Travelers Ins. Co., 280 N.J. Super. 254, 259, 654 A.2d 1375, 1378 (App.Div. 1995). Coverage is liberally construed to afford a "broad range of protection to accident victims." Handler, supra, 253 N.J. Super. at 646, 602 A.2d 796.
The relevant underinsured coverage clause provides:
We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle". ...
[Emphasis added.]
The policy permits an insured to recover damages that he or she would be "legally entitled to recover" from a tortfeasor. Determining what an insured is "legally entitled to recover" requires determining what legal compensation may be obtained from a particular tortfeasor.
If the Marchettas had brought suit against the tortfeasor, they would have been required to bring suit in Virginia because Virginia had personal jurisdiction over the tortfeasor and New Jersey did not. Virginia would have applied its wrongful death statute, which permits compensation for sorrow and mental anguish. Because the Marchettas would have been "legally entitled to recover" sorrow and mental anguish damages from the tortfeasor, damages must be calculated according to Virginia's wrongful death statute.
Plaintiff argues that New Jersey's wrongful death statute should control because New Jersey has a more significant interest in the insurance dispute than Virginia. Choice of law analysis, however, is not appropriate in this case. This case presents a simple question of insurance contract interpretation under New Jersey law. See State Farm Mut. Auto Ins. Co. v. Krewson, 764 F. Supp. 1012, 1014 (E.D.Pa. 1991), aff'd, 953 F.2d 1381 (3d Cir.1992) (Pennsylvania contract law, which governed interpretation of UIM provision in auto policy, required application of substantive law of jurisdiction where accident occurred to determine what *194 insured was "legally entitled to recover"). The insurance contract limits indemnification within the UIM policy limit to the amount that the insured would have been able to recover from the tortfeasor less the amount of the tortfeasor's coverage. Longworth v. Van Houten, 223 N.J. Super. 174, 177-78, 538 A.2d 414 (App.Div. 1988). The Marchettas would have been able to recover sorrow and mental anguish damages from the tortfeasor if they had brought suit in Virginia. Accordingly, damages must be calculated pursuant to Virginia's wrongful death statute, less the $100,000 already received from the underinsured tortfeasor.
Affirmed.