MAGILL, Circuit Judge.
In this diversity case, the district court dismissed the Appellants’ complaint which set forth a cause of action for contribution, finding that the Colorado statute of limitations had expired before the suit was filed. We conclude that the complaint was timely filed and, thus, reverse and remand for further proceedings.
I.
In April 1984 Cari Coddington, a minor, suffered severe permanent injuries from a toxic reaction to prescription medication known as “Theospan.” After moving to New Jersey, Cari’s parents (the Codding-tons), individually and on behalf of their daughter, sued the drug’s manufacturer, Central Pharmaceutical, Inc. (Central), in New Jersey state court in February 1992. In February 1996 the Coddingtons agreed to settle their claims against Central. Because Cari was a minor, New Jersey law required that the parties receive judicial approval of the proposed settlement. On May 8, 1996, the New Jersey Superior Court held a “friendly hearing” on the proposed settlement agreement and entered judgment approving it. A Warrant of Satisfaction[1] was filed on June 3, 1996, and the parties filed a stipulation of dismissal on August 2,1996.
On June 6, 1997, Gibraltar Casualty Company and Lexington Insurance Company (the Appellants), as subrogees to Central, filed this contribution action against Cari’s treating physicians (the Ap-pellees) in the United States District Court for the District of Colorado, alleging that they were negligent in prescribing Theos-pan to Cari. The Appellees moved to dismiss the cause on the ground that Colorado’s one year statute of limitations had expired. The district court granted the Appellees’ motion and dismissed the cause with prejudice.
II.
The Appellants argue that the district court erred in concluding that the Colorado contribution statute of limitations had expired before they filed their complaint on June 6, 1997. After reviewing the district court’s application of state law de novo, we agree that the dismissal for untimeliness was erroneous. See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency, 174 F.3d 1115, 1118 (10th Cir.1999) (standard of review).
The Appellants contend that the district court misapplied Colorado’s statute governing the limitations period for contribution actions. In relevant part, the statute provides:
(3) If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution must be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review.
(4) If there is no judgment for the injury or wrongful death against the tortfea-sor seeking contribution, his right of contribution is barred unless he has either:
(a) Discharged by payment the common liability within the statute of limitations period applicable to claimant’s right of action against him and has commenced his action for contribution within one year after payment; or
*1105 (b) Agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution.
Colo.Rev.Stat. § 13-50.5-104.
As an initial matter, we hold that the present case is governed by subsection (3). The Appellees contend that this case does not involve a judgment because the settlement agreement does not constitute a “judgment” for purposes of the statute. However, New Jersey law dictates the opposite conclusion in this case.
Under New Jersey law, settlement agreements involving minors are not valid until a state court has reviewed the facts and the terms of the agreement to ensure that the agreement is in the child’s best interests. See N.J. R. Civ. Practice 4:44; Mack v. Berry, 205 N.J.Super. 600, 501 A.2d 605, 608 (1985). “Upon judicial investigation and approval [of the settlement agreement], an order will issue adjudging the settlement binding on all parties and therefore a final judgment as to damages.” Id. Consequently, the New Jersey state court’s order approving the settlement on May 8, 1996 constituted a final judgment against Central. Because the Codding-ton’s claims against Central were ultimately resolved by a state court judgment, we conclude that subsection (3) applies and provides the relevant limitations period for this contribution action. Accordingly, we must determine when the New Jersey judgment became final by lapse of the time for appeal.
A straight-forward application of New Jersey law militates in favor of our conclusion that the time for appeal expired on June 22, 1996. Under New Jersey law, a litigant has forty-five days from the entry of judgment to file a notice of appeal. See N.J. R. of Court § 2:4-1(a). In this case, the New Jersey court entered judgment approving the settlement agreement on May 8, 1996, so the parties had until June 22, 1996 to file a notice of appeal. Because the Colorado statute provides a one year limitations period on contribution actions after the time for appeal has expired, the Appellants had until June 22, 1997 to file suit under a straight-forward application of the statute.
The Appellees contend that this straight-forward application of the statute is incorrect because there is no right to appeal from a judgment approving a settlement agreement and, even if such a right exists, the time to appeal the New Jersey judgment expired on June 3, 1996, when the Warrant of Satisfaction was filed. We disagree with both arguments.
First, the Appellees have not directed us to any authority, and we have identified none, in support of their proposition that a judgment approving a settlement agreement is not subject to the forty-five day window for filing an appeal that is otherwise applicable to New Jersey court judgments. In contrast, we have identified at least one case in which litigants have filed an appeal from a judgment approving a settlement agreement. See Modery v. Liberty Mut. Ins. Co., 228 N.J.Super. 306, 549 A.2d 867 (1988). Thus, we reject the Appellees’ contention that the forty-five day window to file an appeal does not apply to the New Jersey judgment approving the settlement.
Second, there is no authority supporting the Appellees’ contention that the Colorado statute of limitations commences upon entry of the Warrant of Satisfaction. Even assuming, as the Appellees’ suggest, that entry of the Warrant of Satisfaction precluded Central from appealing the judgment, see Sturdivant v. General Brass & Mach. Corp., 115 N.J.Super. 224, 279 A.2d 110, 111-12 (1971) (warrant of satisfaction recognizes validity of judgment and operates as a contract waiving right to appeal), the plain language of the Colorado contribution statute provides that the limitations period does not begin to run until “the judgment has become final by lapse of time for appeal.” See Colo.Rev.Stat. § 13-50.5-104(3) (emphasis added). The statute says nothing about accelerating the limitations period if the right to appeal is *1106 waived or extinguished prematurely by conduct of the parties. Thus, we interpret the Colorado statute as permitting a contribution action within one year of the underlying judgment becoming final by lapse of the time for appeal, regardless of whether the parties have agreed to forego appellate proceedings. Because we conclude that the Warrant of Satisfaction had no effect on the otherwise applicable statute of limitations for this contribution action, we hold that the Appellants filed their complaint within the limitations period contemplated by the Colorado contribution statute.
III.
For the foregoing reasons, we REVERSE and REMAND for further proceedings.

. The Warrant of Satisfaction is a document filed with the court indicating that a judgment has been satisfied (i.e., by payment).