**STEVEN MOORE, Plaintiff**
**v.**
**HOVENSA, L.L.C., Defendant**
MOORE v. HOVENSA, LLC
Civil No. 171/2004

Superior Court of the Virgin Islands

Division of St. Croix

March 15, 2005

LEE J. ROHN, ESQ., Law Offices of Lee J. Rohn, St. Croix, United States Virgin Islands, *Attorney for Plaintiff.*

BRITAIN H. BRYANT, ESQ., Bryant, Barnes, Moss & Beckstedt, LLP, St. Croix, United States Virgin Islands, *Attorney for Defendant.*

ROSS, *Judge*

## MEMORANDUM OPINION

(March 15, 2005)

THIS MATTER comes before the Court on Defendant's Motion to Compel Arbitration and to Stay the Proceedings Pending Arbitration, Plaintiff's Opposition thereto and Defendant's Reply to Plaintiff's Opposition. Defendant prays the Court to compel arbitration in this matter in accordance with the Employment Agreement ("Agreement") between Plaintiff and Turner St. Croix Maintenance, Inc. ("Turner"). According to Plaintiff, Defendant has no standing to enforce the Agreement and the subject arbitration provisions within the Agreement are unconscionable and further precluded by certain applicable legal constraints. The Court finds that the validity of Defendant's move to compel arbitration herein overcomes Plaintiff's Opposition and for the reasons elucidated below, Defendant's Motion to Compel will be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Turner entered into the Agreement on September 22, 2002, whereby Turner agreed to employ Plaintiff as a boilermaker at Defendant's oil refinery located on St. Croix, U.S. Virgin Islands (the

"Refinery"). *See* Defendant's Exhibit A, Hourly Employment Agreement, attached to Defendant's Motion to Compel. The Agreement, signed by Plaintiff and Turner, contains arbitration provisions that require Plaintiff to resolve solely and exclusively by arbitration all claims Plaintiff may have against Defendant arising out of or in any way relating to Plaintiff's presence at the Refinery during the term of Plaintiff's employment with Turner. *See id.* at Sections 17-21.

On or about December 27, 2003, Plaintiff allegedly suffered injury while performing excavation work at the Refinery. *See* Defendant's Motion to Compel at p. 1 and Plaintiff's Opposition at p. 5. On or about April 13, 2004, Plaintiff filed an action for damages alleging Defendant's negligent acts and omissions caused Plaintiff to suffer second degree burns, pain and suffering, loss of income and other damages. *See* Complaint. Thereafter, Defendant answered Plaintiff's Complaint and subsequently filed the instant Motion to Compel. Plaintiff's objections to Defendant's Motion to Compel are addressed *seriatim.*

## DISCUSSION

### 1. Federal Preemption of 24 V.I.C. § 74a, the V.I. Arbitration Act

Plaintiff, in opposition to Defendant's Motion to Compel, contends that Defendant failed to submit to Plaintiff a timely written request to use arbitration to settle the instant dispute and Plaintiff has not consented thereto in accordance with the requirements of 24 V.I.C. § 74a. Based thereupon, Plaintiff submits that arbitration is not proper in this matter. Conversely, Defendant argues that § 74a is of no moment in this instance as said state law contravenes and is therefore preempted by the Federal Arbitration Act, 9 U.S.C. §§ 9-16, (the "FAA").

Prior to the V.I. Legislature's addition of § 74a, the U.S. Congress enacted the FAA as "a national policy favoring arbitration" in transactions affecting commerce and thereby "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *See Great Western Mortg. Corp. v. Peacock,* 110 F.3d 222, 230 (3d Cir. 1997) (quoting *Southland Corp. v. Keating,* 465 U.S. 1, 10, 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984)). In enacting the FAA, Congress intended to provide federal enforcement of a waiver of the right to a judicial forum in resolving state statutory claims. *See* 9 U.S.C. § 2. Consistent with the intentions of Congress, the U.S. Supreme Court has enforced arbitration agreements

that fall within the scope of the FAA even where such arbitration agreements were in conflict with state law polices. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 131 L. Ed. 2d 76, 115 S. Ct. 1212 (1995); *Perry v. Thomas*, 482 U.S. 483, 96 L. Ed. 2d 426, 107 S. Ct. 2520 (1987); *Southland Corp. v. Keating*, 465 U.S. 1, 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984).

It is apparent from the provisions of § 74a that it conflicts with the FAA by allowing for the complete invalidation of contractual arbitration agreements. Specifically, the statute requires a party seeking to initiate arbitration to submit a written request to the other party within a prescribed time period. *See* 24 V.I.C. § 74a. Notwithstanding the arbitration provisions of an employment agreement, § 74a restricts arbitration to cases where the other party consents to the requisite written request. *See id.* In addition, the statute precludes covered employers from requiring arbitration as a condition of employment. *See id.* Effectively, § 74a is a state law policy that, in the face of contracting parties' agreement to the contrary, precludes arbitration where certain conditions are not met and further disfavors arbitration by precluding its inclusion as a condition of employment.

In this case, there is no dispute that the instant arbitration provisions fall within the scope of the FAA as the subject provisions evidence "a transaction involving commerce." Indeed, this showing has been made by one or both parties engaged in a multi-state business transaction or by a party requiring the use of material purchased from various states in order to complete its duties under the contract. *See e.g., Allied-Bruce Terminex Cos. v. Dobson*, 513 U.S. 265, 130 L. Ed. 2d 753, 115 S. Ct. 834 (1995); *Government of the Virgin Islands v. United Industrial Workers*, 169 F.3d 172, 40 V.I. 489 (3d Cir. 1999). In addition, the District Court of the Virgin Islands concluded that the phrase "in any Territory of the United States" makes the FAA applicable to commerce in the Virgin Islands. *See Sewer v. Paragon Homes*, 351 F. Supp. 596, 600-601, 9 V.I. 290 (1972). Thence, the arbitration provisions at issue here fall within the purview of the FAA.

Since the instant arbitration provisions are within the scope of the FAA and the subject provisions conflict with the FAA, the foregoing legal and legislative considerations regarding the preemptive effect of the FAA require the Court to resolve the conflict between the FAA and § 74a in favor of and consistent with the FAA. Thus, the Court holds that

the FAA preempts § 74a. It then follows that § 74a is powerless to constrain Defendant's contractual right to compel arbitration in this matter. Accordingly, the Court finds no need to further examine Defendant's compliance with the requisites of the inapposite § 74a.

## 2. Remedy Exclusiveness of 24 V.I.C. § 284, The V.I. Worker's Compensation Act

In the instant action, Plaintiff allegedly suffered injuries while performing duties in the scope of his employment with Turner. Based thereupon, Plaintiff contends that the Virgin Islands Worker's Compensation Act, 24 V.I.C. § 284, limits Plaintiff's right to recover from Turner only worker's compensation and thus Plaintiff is precluded from seeking any other remedy against Turner, including arbitration. Accordingly, Plaintiff argues that provisions in the Agreement, which allow Plaintiff to arbitrate claims against Turner for work-related injuries are void *ab initio* by the remedy restrictions of 24 V.I.C. § 284. In accordance therewith, Plaintiff argues that the arbitration provisions are also void *ab initio* against Defendant as an intended beneficiary of the Agreement.

The provisions of 24 V.I.C. § 284 only limit a plaintiff's right to recover as to his employer. Plaintiff in this matter does not allege that he was an employee of Defendant, but claims that Turner recruited and employed him to perform work at Defendant's refinery. *See* Plaintiff's Exhibit 1, Affidavit of Steven Moore attached to Plaintiff's Opposition and Defendant's Exhibit A, *supra*. There is nothing in 24 V.I.C. § 284 that prohibits arbitration of work-related injuries against non-employers such as Defendant. The statute clearly states that it only applies to non-employer contractors when the subcontractor fails to comply with the Act in respect to being an insured employer. *See* § 284(b). Plaintiff does not allege that his employer, Turner, failed to have the requisite insurance. Thus, the Court holds that Defendant, as the non-employer contractor in this instance, is not bound by 24 V.I.C. § 284 and the arbitration provisions pertaining to Defendant are not void *ab initio*.

## 3. The Rights of 3rd Party Beneficiaries

Moreover, Plaintiff contends that Defendant, as a third-party beneficiary, has no rights to arbitration greater than those of Turner. Simply put, Plaintiff maintains that Defendant only has rights to certain remedies to the extent Turner has rights to the same and since Turner has

no remedy except worker's compensation, Defendant has no remedy except worker's compensation. In *Allgor v. Travelers Ins. Co.*, the court held the arbitration clause enforceable against the plaintiff-son as a third-party beneficiary of his father's insurance contract only because the arbitration clause was enforceable against plaintiff's father. *See Allgor v. Travelers Ins. Co.*, 280 N.J. Super. 254, 654 A.2d 1375, 1379 (1995). The court maintained that "a third-party beneficiary's rights against an insurer are no greater than those of the insured. *See id.*

In the case of *Allgor*, as opposed to the instant matter, there was no express language that covered the rights of third-party beneficiaries. Consequently, the *Allgor* court had to look to applicable provisions of insurance law to decide whether the arbitration clause at issue applied to the plaintiff-son as a third-party beneficiary. To support its holding, the *Allgor* court relied upon 8 APPLEMAN, INSURANCE LAW AND PRACTICE, § 4811 (1981). *See Allgor*, 654 A.2d at 1379.

In the instant matter, however, the Court does not have to go outside the four corners of the Agreement to establish the intent of the parties to arbitrate claims as to Defendant. When interpreting any contract, the intent of the parties control and those intentions are generously construed as to the arbitrability of a claim. *See Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 87 L. Ed. 2d 444, 105 S. Ct. 3346 (1985). Therefore, the Court holds that the expressed language of the Agreement binds Plaintiff to arbitrate claims as to Defendant.

### 4. Plaintiff's Statutory Right to Sue v. The 3rd Party Beneficiary Clause

Plaintiff further argues that the instant third-party beneficiary clause, which purports to prevent employees from suing Defendant in court for Defendant's negligence at the Refinery, undermines the express policy of Virgin Island law of allowing employees of contractors to sue the contractor's employer in court. *See* 24 V.I.C. §§ 263 and 284 (providing that an employee of a subcontractor may sue the subcontractor's employer). Indeed, Turner can be considered a subcontractor and Defendant the employer of Turner. As such, Plaintiff has a statutory right to bring suit against Defendant for Defendant's alleged negligence at the Refinery.

However, the instant third-party beneficiary clause specifically provides that Defendant is among the "intended third-party beneficiaries" of the Agreement and Plaintiff "specifically agrees that all claims Employee [Plaintiff] may have against HOVENSA, L.L.C. [Defendant] ... shall be resolved solely and exclusively by arbitration." *See* Defendant's Ex. A at Section 17, *supra.* Therefore it appears that Plaintiff may have agreed to waive his statutory rights under 24 V.I.C. §§ 263 and 284 to sue and resolve by arbitration claims against Defendant.

██ Under controlling case law, decisions concerning the enforceability of a waiver of statutory rights are to be made by the arbitrator, not the Court. *See Great Western Mortgage Corp. v. Peacock*, 110 F.3d 222 (3d Cir. 1997); *see also Blair v. Scott Specialty Gases*, 283 F.3d 595, 611 (3d Cir. 2002) (holding that under *Great Western*, the waiver of statutory rights contained in an arbitration agreement does not undermine enforceability of that agreement). Thence, the Court is obliged to enforce the Agreement and allow the arbitrator to decide whether Plaintiff waived his statutory right to sue Defendant.

## CONCLUSION

Finally, Plaintiff claims that the arbitration provisions and the circumstances under which they were made are unconscionable and therefore unenforceable. However, the Court has previously upheld similar arbitration provisions in employment agreements. *See Pemberton v. HOVENSA, L.L.C. and St. Croix Basic Services*, Civil No. 699/2002, slip op. (V.I. Supr. Ct. July, 2003); *St. Rose v. HOVENSA, L.L.C. and Wyatt, V.I., Inc.*, Civil No. 592/2002, slip op. (V.I. Supr. Ct., July, 2003). The Court, finding no significant difference in the instant arbitration provisions and similar provisions held valid and enforceable, will give no credence to Plaintiff's argument that the instant arbitration provisions are unconscionable under the law. Indeed, the Agreement does contain valid provisions requiring Plaintiff to arbitrate his claims against Defendant and Plaintiff does not dispute that he signed the Agreement. Accordingly, Plaintiff's arguments regarding the circumstances under which he admits making the agreement to arbitrate are to be directed to the arbitrator, not the Court.