**GERARD ST. ROSE, Plaintiff**
**v.**
**HOVENSA, L.L.C, Defendant**
**ST. ROSE v. HOVENSA, LLC**
Civil No. 460/2004

Superior Court of the Virgin Islands

Division of St. Croix

March 15, 2005

LEE J. ROHN, ESQ., Law Offices of Lee J. Rohn, St. Croix, United States Virgin Islands, *Attorney for Plaintiff.*

CARL A. BECKSTEDT, III, ESQ., Bryant, Barnes, Moss & Beckstedt, LLP, St. Croix, United States Virgin Islands, *Attorney for Defendant.*

ROSS, *Judge*

## MEMORANDUM OPINION

(March 15, 2005)

THIS MATTER comes before the Court on Defendant's Motion to Compel Arbitration and to Stay the Proceedings Pending Arbitration, Plaintiff's Opposition thereto and Defendant's Reply to Plaintiff's Opposition. Defendant prays the Court to compel arbitration in this matter in accordance with the dispute resolution clause contained in the Employment Contract ("Contract") between Plaintiff and Wyatt, V.I., Inc. ("Wyatt"). According to Plaintiff, Defendant has no standing to enforce the Contract and the subject dispute resolution clause is unconscionable and further precluded by certain applicable legal contracts. In addition, Plaintiff argues that his toxic tort claim herein falls outside the scope of the instant dispute resolution clause. Based upon the following, the Court will grant Defendant's Motion to Compel.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Wyatt entered into the Contract on February 1, 2002, whereby Wyatt agreed to employ Plaintiff as a boilermaker foreman. The Contract, signed by Plaintiff and Wyatt in the presence of two witnesses, contains a dispute resolution clause that requires Plaintiff to settle by

arbitration "any controversy or claim arising out of or relating to this contract." *See* Defendant's Exhibit A at p. 2, Employment Contract, attached to Defendant's Motion to Compel. The Contract further extends the agreement to arbitrate "disputes with or Claims against Wyatt, V.I., Inc., HOVENSA, L.L.C., and any of their shareholders, related or affiliated companies, entities, or individuals (as intended third party beneficiaries)." *See id.*

On or about August 20, 2004, Plaintiff allegedly was exposed to a known toxic substance and otherwise allegedly suffered injury while performing work in the scope of his employment with Wyatt on the premises of Defendant's oil refinery located on St. Croix, U.S. Virgin Islands (the "Refinery"). *See* Defendant's Motion to Compel at p. 3 and Plaintiff's Opposition at p. 2. On or about August 25, 2004, Plaintiff filed an action for damages alleging Defendant's negligent acts and omissions caused Plaintiff to sustain physical injuries, medical expenses, loss of income and capacity to earn income, psychological injuries and other damages. *See* Complaint. On September 22, 2004, Defendant moved to enforce the Contract and compel arbitration in this matter. Plaintiff's objections to Defendant's Motion to Compel are addressed *seriatim.*

## DISCUSSION

### 1. The Retroactive Application of 24 V.I.C. § 74a, The V.I. Arbitration Act

In September of 2002, the V.I. Legislature added § 74a to Title 24 of the Virgin Islands Code. Plaintiff contends that this statutory code applies to the instant action filed in August of 2004. Defendant argues, *inter alia*, that § 74a affects Defendant's right as a third-party beneficiary to compel Plaintiff to arbitrate his toxic tort claims pursuant to the Contract and is therefore substantive in nature and cannot be applied retroactively to revoke and render void obligations arising under a dispute resolution clause entered into on February 1, 2002, prior to the enactment of § 74a. The Court need not reach a determination as to the retroactive application of § 74a because the statue is preempted by the Federal Arbitration Act, 9 U.S.C. §§ 1-16, ("FAA").[1]

---

[1]     *See Moore v. HOVENSA, L.L.C.*, 2005 V.I. LEXIS 4, Civil No. 171/2004, slip op. (V.I. Supr. Ct., March, 2005).

## 2. Remedy Exclusiveness of 24 V.I.C. § 284, The V.I. Worker's Compensation Act

In the instant action, Plaintiff allegedly suffered injuries while performing duties in the scope of his employment with Wyatt. Based thereupon, Plaintiff contends that the Virgin Islands Worker's Compensation Act, 24 V.I.C. § 284, limits Plaintiff's right to recover from Wyatt only worker's compensation and thus Plaintiff is precluded from seeking any other remedy against Wyatt, including arbitration. Accordingly, Plaintiff argues that provisions in the Contract, which allow Plaintiff to arbitrate claims against Wyatt for work-related injuries are void *ab initio* by the remedy restrictions of 24 V.I.C. § 284. In accordance therewith, Plaintiff argues that the arbitration provisions are also void *ab initio* against Defendant as an intended beneficiary of the Contract.

The provisions of 24 V.I.C. § 284 only limit a plaintiff's right to recover as to its employer. Plaintiff in this matter does not allege that he was an employee of Defendant, but claims that at relevant times herein he was an employee of Wyatt. There is nothing in 24 V.I.C. § 284 that prohibits arbitration of work-related injuries against non-employers such as Defendant. The statute clearly states that it only applies to non-employer contractors when the subcontractor fails to comply with the Act in respect to being an insured employer. *See* § 284(b). Plaintiff does not allege that his employer, Wyatt, failed to have the requisite insurance. Thus, the Court holds that Defendant, as the non-employer contractor in this instance, is not bound by 24 V.I.C. § 284 and the arbitration provisions pertaining to Defendant are not void *ab initio*.

## 3. The Substantive Scope of the Instant Dispute Resolution Clause

Plaintiff contends that his toxic tort claims fall outside the scope of the dispute resolution clause contained in the Contract. However, the subject matter of the dispute resolution clause expressly provides for the arbitration of "any controversy or claim" arising between Wyatt and Plaintiff and extending to claims against Defendant as an intended third-party beneficiary. *See* Defendant's Exhibit A at p. 2, *supra*. The Court agrees with Defendant's contention that Plaintiff's argument in this instance "is without merit and contrary to the express language of the dispute resolution clause, which specifically designates 'tort claims' as being subject to its terms." *See* Defendant's Reply at p. 18 citing Defendant's Exhibit A at p. 2, *supra*.

154

## 4. The Rights of 3rd Party Beneficiaries

Moreover, Plaintiff contends that Defendant, as a third-party beneficiary, has no rights to arbitration greater than those of Wyatt. Simply put, Plaintiff maintains that Defendant only has rights to certain remedies to the extent Wyatt has rights to the same and since Wyatt has no remedy except worker's compensation, Defendant has no remedy except worker's compensation. In *Allgor v. Travelers Ins. Co.*, the court held the arbitration clause enforceable against the plaintiff-son as a third-party beneficiary of his father's insurance contract only because the arbitration clause was enforceable against plaintiff's father. *See Allgor v. Travelers Ins. Co.*, 280 N.J. Super. 254, 654 A.2d 1375, 1379 (1995). The court maintained that "a third-party beneficiary's rights against an insurer are no greater than those of the insured. *See id.*

In the case of *Allgor*, as opposed to the instant matter, there was no express language that covered the rights of third-party beneficiaries. Consequently, the *Allgor* court had to look to applicable provisions of insurance law to decide whether the arbitration clause at issue applied to the plaintiff-son as a third-party beneficiary. To support its holding, the *Allgor* court relied upon 8 APPLEMAN, INSURANCE LAW AND PRACTICE, § 4811 (1981). *See Allgor*, 654 A.2d at 1379.

In the instant matter, however, the Court does not have to go outside the four corners of the Contract to establish the intent of the parties to arbitrate claims as to Defendant. When interpreting any contract, the intent of the parties control and those intentions are generously construed as to the arbitrability of a claim. *See Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 87 L. Ed. 2d 444, 105 S. Ct. 3346 (1985). Therefore, the Court holds that the expressed language of the Contract binds Plaintiff to arbitrate claims as to Defendant.

## 5. Plaintiff's Statutory Right to Sue v. The 3rd Party Beneficiary Clause

Plaintiff further argues that the instant third-party beneficiary clause, which purports to prevent employees from suing Defendant in court for Defendant's negligence at the Refinery, undermines the express policy of Virgin Island law of allowing employees of contractors to sue the contractor's employer in court. *See* 24 V.I.C. §§ 263 and 284 (providing that an employee of a subcontractor may sue the subcontractor's

employer). Indeed, Wyatt can be considered a subcontractor and Defendant the employer of Wyatt. As such, Plaintiff has a statutory right to bring suit against Defendant for Defendant's alleged negligence at the Refinery.

However, the instant third-party beneficiary clause specifically provides that Defendant is among the "intended third-party beneficiaries" of the Contract and Plaintiff expressly agreed to settle by arbitration "any controversy or claim arising out of or relating to this contract ... [or] EMPLOYEE'S presence at the HOVENSA refinery ..." *See* Defendant's Ex. A at p. 2, *supra*. Therefore it appears that Plaintiff may have agreed to waive his statutory rights under 24 V.I.C. §§ 263 and 284 to sue and resolve by arbitration claims against Defendant.

██ Under controlling case law, decisions concerning the enforceability of a waiver of statutory rights are to be made by the arbitrator, not the Court. *See Great Western Mortgage Corp. v. Peacock*, 110 F.3d 222 (3d Cir. 1997); *see also Blair v. Scott Specialty Gases*, 283 F.3d 595, 611 (3d Cir. 2002) (holding that under *Great Western*, the waiver of statutory rights contained in an arbitration agreement does not undermine enforceability of that agreement). Thence, the Court is obliged to enforce the Contract's arbitration provisions and allow the arbitrator to decide whether Plaintiff waived his statutory right to sue Defendant.

## CONCLUSION

Finally, Plaintiff claims that the dispute resolution clause is unconscionable and therefore unenforceable. However, the Court has previously upheld similar arbitration provisions in employment agreements. *See Moore v. HOVENSA, L.L.C.*, 2005 V.I. LEXIS 4, Civil No. 171/2004, slip op. (V.I. Supr. Ct., March, 2005); *Pemberton v. HOVENSA, L.L.C. and St. Croix Basic Services*, Civil No. 699/2002, slip op. (V.I. Supr. Ct. July, 2003); *St. Rose v. HOVENSA, L.L.C. and Wyatt, V.I., Inc.*, Civil No. 592/2002, slip op. (V.I. Supr. Ct., July, 2003). The Court, finding no significant difference in the instant arbitration provisions and similar provisions held valid and enforceable, will give no credence to Plaintiff's argument that the instant arbitration provisions are unconscionable under the law. Indeed, the Contract does contain valid provisions requiring Plaintiff to arbitrate his claims against Defendant and Plaintiff does not dispute that he signed the Contract.