ANKLOWITZ, J.S.C.
*411 The legal issue here is whether child support is exempt from levy, attachment and execution on a money judgment against a parent.
Plaintiff filed a complaint for an unpaid medical bill on April 7, 2011. Judgment was entered by default on June 7, 2017, in the amount of $1871.64 plus costs and statutory attorney's fees. N.J.S.A. 22A:2-42. On April 14, 2017, a Writ of Execution Against Goods and Chattels was issued. The Writ gave credit for payments made and showed a total balance due in the amount of $1,653.38.
On June 9, 2017, a court officer levied on an account of defendant at JP Morgan Chase. The court officer gave notice of the levy by affidavit. Plaintiff filed a motion for turnover of funds on June 27, 2017. On June 30, 2017, defendant filed an objection to *412 the levy. The parties are thus joined in opposition to each other's positions.
On July 27, 2017, defendant testified that her supporting documents were sent to plaintiff's counsel on July 20, 2017. Notice was given to plaintiff's counsel of the hearing, and plaintiff waived its appearance as is permitted under Rule 4:59-1(e).
No statute expressly covers child support as a basis for an objection to a levy, but an analysis of the relevant law warrants a conclusion that child support cannot be the subject of a levy from an ordinary money judgment against a parent.
The law on enforcing judgments makes only a judgment debtor liable. N.J.S.A. 2A:17-15, 16, 17, and 18. Unless there is some exception, like an amercement action, N.J.S.A. 2A:18-29 and N.J.S.A. 40A:9-109, or an action against an employer that refuses to implement a wage garnishment, N.J.S.A. 2A:17-64, the judgment can only be enforced against the judgment debtor and not the debtor's children, friends or others.
"The right to child support belongs to the child and cannot be waived by the custodial parent." Pascale v. Pascale, 140 N.J. 583, 591, 660 A.2d 485 (1995) (internal citations omitted). If a parent receives child support for his or her child the money belongs to the child and cannot be used to satisfy a judgment against the parent. Courts have traditionally taken a parens patriae role in protecting the best interest of the child on issues of child support. Faherty v. Faherty, 97 N.J. 99, 110, 477 A.2d 1257 (1984).
The Legislature has expressed the intent to enforce child support orders. For *132 example, wage garnishments served on an employer for child support take super priority over money judgments. N.J.S.A. 2A:17-52. In addition, N.J.S.A. 2A:17-56.8 provides a host of enforcement mechanisms for child support.
Parents are entitled to the "services and earnings" of their children. N.J.S.A. 9:1-1. Child support is typically paid by the other parent from the other parent's services and earnings. In this *413 case the child support order shows the calculation of child support was based on each parent's earnings.
When an adult parent enters into a contract, the contract is ordinarily enforceable like any other contract entered into by an adult. Allgor v. Travelers Ins. Co., 280 N.J. Super. 254, 262, 654 A.2d 1375 (App. Div. 1995). A contract entered into by a minor is not ordinarily enforceable because a minor can disaffirm the contract. Ibid. However, a minor that enters into a contract for student loans and financial aid is considered to be subject to a binding contract. N.J.S.A. 9:17A-2.
Money owed to someone else, including by a parent, cannot be pursued against an innocent owner, including a child. Unless there is some way to show that a child is liable on a debt, which is a covered type of expense for which the judgment or order for child support is meant, that money is not subject to levy because there is already an order or judgment directing the use of that money for the benefit of the child.
Notably, the I.R.S. does not levy on money due and owing for child support. 26 U.S.C. § 6334 lists a number of exemptions from levy for taxes. Subsection (a)(8) exempts:
Judgments for support of minor children. If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.
Defendant advised that the levy was on a checking account and a savings account. Two transfers from checking to savings totaled $825, and the two transfers were made within a few days of the payment of child support reflected on the probation departments child support account statement. The two child support payments were $515.67 each. Defendant testified that the transferred money was child support money. The remainder of the money in the savings account was either interest or from an unknown source. Whether child support money should or should not be traced was not a contested issue before the court. That issue is left for another day.
*414 At the time of the levy on the checking account on June 9, 2017, the last three deposits were from payroll and other sources not claimed to be exempt from levy. Those amounts more than covered the amount of the levy several times over. Defendant expressly denied having a wage garnishment on her wages deposited into the checking account.
In addition to the strong policy support that child support is for the benefit of the child, child support money is exempt from levy because the child is an innocent third party and not a judgment debtor. The $825 in the savings account is child support that is exempt from the levy and must be released. The remainder of the money is subject to levy and the motion to turnover is granted as to $302.62.
The objection to levy is granted in part and denied in part. The motion to turnover is granted in part and denied in part.